CASE 34.—ACTION BY COMMONWEALTH OF KENTUCKY
    AGAINST MILBURN WAGON COMPANY.—October
    2, 1907.

## Milburn Wagon Co. v. Commonwealth.

Appeal from Monroe Circuit Court.

Judgment for the Commonwealth and the defendant appeals.—Affirmed.

1. Corporations—Foreign—Doing Business Within a State.—
   Where a foreign corporation furnishes wagons to an agent
   on board cars in Ohio for sale in Kentucky under an "agent's
   commission contract," retaining title in the corporation, and
   requiring the proceeds to be kept separate as its funds, the
   corporation does business in Kentucky, within Ky. St. 1903,
   section 571, requiring foreign corporations to designate a
   local agent upon whom process may be served.

2. Commerce—Interstate—Sale of Wagons.—Where a foreign
   corporation delivers wagons to an agent in Ohio for sale in
   Kentucky from an established agency, the business is not
   exempt from regulation by Kentucky as interstate commerce.

3. Criminal Law—Penal Action Against Corporations—Former
   Conviction.—Though the offense of a corporation in doing
   business in the state without designating an agent for service of process, as required by Ky. St. 1903, section 571, is
   a continuous one, and the commonwealth cannot carve several offenses out of one by instituting several prosecutions
   at the same time, if, after a prosecution is begun, the defendant again commits the same offense, another prosecution
   may be brought, and a conviction in either case is not a
   bar to the other prosecution.

J. W. JONES for appellant.

H. L. HODAN, N. B. HAYES, Attorney General, and C. H.
MORRIS for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

On January 1st, 1906, a penal action was insti-tuted against appellant, Milburn Wagon Co., a for-eign corporation, for unlawfully carrying on the business of selling and offering for sale buggies and wagons in Monroe county, this state, without having first filed with the Secretary of State a statement designating an agent upon whom process could be served as provided by section 571 of Kentucky Stat-utes. Appellant entered a plea of not guilty, and upon the first trial a fine of $700 was assessed against it. That judgment was set aside by the lower court upon the ground that is was excessive. At the April, 1907, term of the court, appellant filed an ad-ditional plea setting up a judgment of conviction by the Cumberland circuit court, and alleged that the conviction in that court was for the same offense for which it was then being prosecuted, and pleaded that judgment as a bar to this prosecution. A demurrer was sustained to this plea, and the case submitted to the jury which returned a verdict of guilty, and fixed the punishment of appellant at a fine of $400.

Counsel for appellant assigns the following errors as grounds for reversal:

1st. That the evidence does not show that appel-lant was carrying on business in this state.

2nd. That the business was interstate commerce, and therefore not subject to regulation by the state of Kentucky.

3rd. That the court erred in sustaining a demurrer to appellant's plea of a former conviction for the same offense.

The contract between appellant and T. L. Humble, who was alleged to be the agent through whom the business was done in Monroe county, is entitled "Agent's Commission Contract." It appoints said

Humble as agent. It provides that appellant shall furnish the wagons therein named to said agent on board cars at appellant's factory at Toledo, O.; that the title to the wagons shall remain in appellant; that the funds derived from the sale of wagons shall not be used by nor mingled with other funds of said agent, but shall be kept separate and apart therefrom, and as the funds of appellant until remitted to appellant. True, Mr. Humble testified that he sold the wagons as his, but as he also testified that he executed the contract offered in evidence, and as that contract shows conclusively that the wagons were not his, the jury properly disregarded his mistaken views of the contract. In the case of Commonwealth v. Parlin & Orendorff Co., 26 Rep. 58, this court had under consideration a contract substantially the same as the one in evidence in this case, and in speaking of that contract, the court said: "We are of opinion that such contract as the copy above indicates constitutes only an agency, and is not a selling by the owners as wholesalers to the alleged agents as retailers, retaining merely a lien upon the property to secure the payment." Having the same view of the contract in question, we are of the opinion that the evidence was sufficient to show that appellant was carrying on business through an agent in this state.

We shall next consider the question of whether or not the transaction was one of interstate commerce. The wagons sold by appellant were not sold by drummers, or by sample or by correspondence, but the very wagons delivered to the agent at Toledo, Ohio, were sold from the agency established in Monroe county, Kentucky, and as was said in the case of Commonwealth v. Parlin & Orendorff Co.,

supra, "That the state may, in the fair exercise of its police power, compel all corporations establishing a place of business within the state, and carrying on business thereat, to comply with the conditions of section 571, is not violative of the provisions of the Constitution of the United States reserving to Congress the exclusive control of the regulating of commerce between the states, is settled in this state by the cases of Commonwealth v. Read Phosphate Co., 23 Ky. Law Rep. 2884; Knoxville Nursery Co. v. Commonwealth, 21 Ky. Law Rep. 1483; Commonwealth v. Hogan, &c., 25 Ky. Law Rep. 41."

The only other question to be considered is the validity of appellant's plea of former conviction. The agreed facts in this case and the indictment in the Cumberland circuit court show that appellant was convicted in the court for violating section 571 by carrying on business in this state on the —— day of September, and since August, 1906, and since the Monroe circuit court. In other words, the prosecution in the Cumberland circuit court was instituted for an offense committed after the penal action was filed in the Monroe circuit court. While it is true that the offense charged in this case is a continuous one, and the Commonwealth can not, therefore, carve several offenses out of the one committed by instituting several prosecutions at the same time, it is also true that if after a prosecution is begun, the defendant again commits the same offense, another prosecution may be instituted against him, and a conviction in either case can not be pleaded in bar of the other prosecution (Cawein v. Commonwealth, 110 Ky. 273). It therefore follows that the trial court properly sustained a demurrer to appellant's plea of a former conviction.

For the reasons stated judgment is affirmed.