## BAILEY et al. v. PARRY MFG. CO.

No. 5595—Opinion Filed June 13, 1916.

(158 Pac. 581.)

### 1. Parties—"Want of Capacity to Sue"—Waiver of Objection.

"Want of capacity to sue" has reference only to some legal disability of the plaintiff, such as infancy, idiocy, or coverture.

### 2. Corporations—Action by Foreign Corporation—Defense—Pleading — Noncompliance with Statute.

The failure of a foreign corporation to comply with the laws of this state before doing business therein is defensive matter that should be pleaded in the answer as other defenses, and the filing of a demurrer or other plea does not preclude the setting up of such defense therein.

### 3. Pleading—Answer—Cure of Defects—Admission of Evidence.

Although the answer be indefinite and therefore vulnerable to a motion to make more definite and certain, yet if evidence is introduced, without objection, supplying omissions therein, such defect is thereby cured.

### 4. Corporations — Foreign Corporations — "Doing Business" — Compliance with Statute.

Where a foreign corporation designates an agent in this state and furnishes such agent its goods to be stored, exhibited for sale, and sold in this state by such agent, and same are so sold, such transactions constitute "doing business" in this state by said foreign corporation.

### 5. Commerce — "Interstate Commerce" — What Constitutes—Shipment to Local Agent.

Where goods are shipped by a foreign corporation to its agent in this state, not in response to an order from a purchaser, but to be held in stock by such agent, and thereafter to be sold and delivered from said stock in this state by said agent, such sale and delivery is not a transaction of interstate commerce.

(Syllabus by Day, C.)

Error from District Court, Jackson County; Frank Mathews, Judge.

Action by the Parry Manufacturing Company against John D. Bailey and others. Judgment for plaintiff, and defendants bring error. Reversed, with directions.

T. M. Robinson and E. E. Gore, for plaintiffs in error.

P. K. Morrill, for defendant in error.

Opinion by DAY, C. This action was commenced in the trial court by Parry Manufacturing Company against John D. Bailey, United States Fidelity & Guaranty Company and John D. Manley Implement Company

being subsequently made parties defendant. We shall hereinafter refer to the parties as they appeared in the trial court.

Plaintiff sued defendant Bailey for the conversion of certain buggies, the property of plaintiff, and defendant Bailey filed a general demurrer to plaintiff's petition, and, after same was overruled by the court, filed his answer, the first paragraph of which was a general denial, and the second paragraph was as follows:

"Further answering said petition, defendant says that the plaintiff in this action is a foreign corporation, organized and existing under and by virtue of the laws of the state of Indiana, with its principal place of business located in the city of Indianapolis in said state of Indiana, as alleged in the first paragraph of the plaintiff's petition. And the defendant further says that the plaintiff is not entitled to maintain this action for the reason that the said plaintiff has violated art. 22 of chap. 20 of Snyder's Statutes of 1909 of the state of Oklahoma, relating to corporations, which provides that every foreign corporation shall be, before it is authorized or permitted to transact business in this state or continue business therein, if already established, shall by its certificate under the hands of the president and seal of the company appoint an agent who shall be a citizen of the state and reside at the capital, upon whom service of process may be made in any action in which said corporation be a party. And said article further providing that no corporation which has failed to comply with this provision can maintain any suit or action, either legal or equitable, in any of the courts of this state, upon any demand, whether arising out of contract or tort; and that said plaintiff corporation has violated said provision, in that they have been shipping vehicles of different kinds into said state of Oklahoma in the county of Jackson to one J. A. Chenoweth, who acted as agent, or factor, for said plaintiff in the sale of said vehicles, and defendant says, if the property as alleged in plaintiff's petition was plaintiff's property (which defendant expressly denies), that said property was shipped to one J. A. Chenoweth, in Jackson county, state of Oklahoma, as factor or agent for the said plaintiff, with instructions to the said J. A. Chenoweth as factor or agent of the plaintiff to sell and dispose of said goods for said plaintiff corporation. And that the plaintiff by reason of the violation of said statutes is not entitled to maintain this action. Wherefore defendant prays judgment for his costs in this behalf expended."

The other defendants also answered, but we do not deem it necessary to further consider them for a proper determination of this cause. It seems that there was no reply or other pleading filed to this answer. A jury was waived, and the cause submitted to the court, and judgment was rendered in favor of plaintiff, and defendants appeal.

The record discloses that one J. A. Chenoweth was engaged in the mercantile business at Altus, Okla., and entered into contract with the Parry Manufacturing Company for the handling and selling of its vehicles at his store in Altus. The contract between Parry Manufacturing Company and Chenoweth was as follows:

"Parry Manufacturing Company, a corporation, of Indianapolis, Ind., hereby appoints J. A. Chenoweth its agent for the sale of vehicles in Altus, Okla., with power and authority to do the particular things hereinafter specified, and do no other different or additional things whatsoever, and upon the following agreement, terms and conditions which said agent agrees to comply with, do and perform. The authority of said agent is restricted solely to the sale of vehicles as hereinafter mentioned, and no power is granted him to act for or represent said principal in any other affairs, or to any further extent than herein prescribed.

"(1) Said agent agrees to receive all vehicles shipped him f. o. b. cars Indianapolis, Ind., pay freight to destination, unload, uncrate property, store, and exhibit for sale, all vehicles sent him by Parry Manufacturing Company, during the life of this contract without making any charges of any kind therefor other than covered herein.

"All specifications for vehicles, whether on regular order blank form used by Parry Manufacturing Company or otherwise, shall relate to this special agency contract, become a part thereof and be governed by its provision. All specifications for vehicles shall be subject to approval and acceptance of said principal at its home office in Indianapolis, Ind.

"(2) Any and all vehicles supplied by said principal to said agent shall be sold by him at retail in the usual course of trade to bona fide purchasers for cash upon delivery, and until in good faith sold by him shall remain the absolute property of said principal, who may at will require same to be returned and reshipped to Indianapolis, Ind., or delivered to any agent or attorney of said principal. No title or ownership to said vehicles or to proceeds of sale before distribution, shall at any time vest in said agent and they must be held separate for the principal.

"(3) All proceeds accruing from sale of Parry Manufacturing Company's goods supplied hereunder and received by said agent shall be distributed immediately as follows: (a) Pay to said principal the invoice value of vehicle sold; (b) reimburse himself for any taxes, insurance or freight paid out by him; (c) remainder of proceeds to be retained and accepted by him as and for his compensation and in full recompense for services, charges and expenses of every kind.

"To this end all vehicles shall be sold and retailed at a price above invoice value sufficient to confer aforesaid compensation and

expenses of said agent in connection with said vehicles.

"(4) A written report shall be made by said agent to said principal on the first of each month, showing all sales made during the preceding month and giving catalogue and stock number of each vehicle sold and amount of proceeds realized. He shall also make a report of goods on hand whenever said principal shall request it, and shall give said principal access at all times to the premises wherein said goods are stored, for inspection and shall also give said principal the right to examine his books and records pertaining to the sale of vehicles supplied him, if any default or controversy arises over accounting or payment. Said agent shall insure and pay insurance premium on vehicles supplied him in a reliable insurance company, for the benefit of Perry Manufacturing Company, and also pay any taxes assessed against said vehicles while in his possession. He shall also pay to said principal loss or damages, if any, to said vehicles while in his care, arising from his fault, carelessness or neglect.

"(5) On all specifications there shall be a time fixed for final accounting, and if rebate from invoice value is allowed for any period it shall be noted thereon. If the time for final accounting is not noted on said agent's order, then it shall be construed to be four months from date of invoice.

"(6) It is mutually understood and agreed, when time for final accounting arrives, or upon cancellation or breach of this contract, that said agent shall recrate, reship, and deliver to said principal at Indianapolis, Ind., freight prepaid, all goods remaining on hand at the time, free of any liens, charges or expenses. It is further agreed that said agent shall pay to said principal a sum equal to ten (10) per centum of the invoice value of goods returned, to cover their depreciation while in his hands. All above agreements are made in consideration of obtaining the agency for sale of Parry Manufacturing Company vehicles and for the further consideration above mentioned.

"(7) It is understood and agreed that this contract shall not be changed except by agreement in writing, signed and approved by the parties hereto. Also notice, in writing, from said principal to said agent dissolving this contract shall immediately cancel and terminate it. If said agent makes default he shall forfeit his commissions upon sales for which he has made no accounting and be liable to said principal for loss or damage occasioned thereby.

"This contract subject to approval and acceptance of Parry Manufacturing Company at Indianapolis, Ind.

"Signed in duplicate this 20th day of August, 1910. Agent, J. A. Chenoweth. "Residence, Altus, Oklahoma."

The evidence discloses that, from the date of the execution of said contract to the time of the alleged conversion, at different times Chenoweth received from Parry Manufacturing Company vehicles, stored and exhibited same for sale in his store, and received something like 40 in all, and had on hand and in his possession some ten vehicles at the time of said conversion. The evidence further shows that the Parry Manufacturing Company was a foreign corporation, with its principal place of business at Indianapolis, Ind., and that it had not complied with the laws of the state of Oklahoma in procuring a license to do business therein.

Plaintiff, to sustain the judgment of the trial court, contends: (1) That the defendant by filing a general demurrer to plaintiff's petition precluded himself from the right of thereafter pleading the failure of the plaintiff to comply with the laws of this state, relative to foreign corporations; (2) that his answer was insufficient to raise this question; and (3) that the evidence fails to show that plaintiff was doing business in this state in violation of law. We shall consider these questions in the order stated.

Rev. Laws 1910, sec. 1341, is as follows:

"No foreign corporation, as above defined, which shall fail to comply with this article, can maintain any suit or action, either legal or equitable, in any of the courts of this state, upon any demand, whether arising out of contract or tort."

It will be observed that this statute provides that the foreign corporation failing to comply with the preceding sections cannot maintain any suit or action. The statute does not seem to prohibit the bringing of an action, but only the maintaining of same after institution. It does not appear to have been the intention to take away from the corporation its capacity to sue, but rather, to penalize it for its remissness. The proposition that a plea to the merits waives want of capacity to sue is not applicable here. Want of capacity to sue has reference only to some legal disability of the plaintiff, such as infancy, idiocy, or coverture. Debolt v. Carter, 31 Ind. 355; Dewey et al. v. State ex rel., 91 Ind. 173.

It seems to us that the failure on the part of a foreign corporation to comply with the laws of this state before doing business therein is defensive matter that should be pleaded in the answer, as other defenses, and that the filing of a demurrer or other plea does not preclude the setting up of such defense in the answer.

While in the instant case the answer is not definite and would have been vulnerable to a motion to make more definite and certain, yet none was filed and no objection made to its sufficiency, and evidence was

introduced thereon without objection, showing sufficiently that plaintiff was, during the years 1910 and 1911, engaged in selling its buggies in the state of Oklahoma by its agent Chenoweth, and the evidence was sufficient to supply any omissions of the answer.

We think the record discloses clearly a case of doing business within this state. The contract provided that Chenoweth was to receive said vehicles, pay the freight from Indianapolis, Ind., to Altus, Okla., unload, uncrate, and exhibit same for sale; that title to said vehicles was to remain in the Parry Manufacturing Company until bona fide sales were made in due course of business; that the proceeds of such sales were to be held by the agent separate for the principal; that they were to be sold for a price sufficient to pay the Parry Manufacturing Company the invoice price, taxes, freight, and insurance charges, and the agent's compensation was to be such amount as the vehicles sold for over and above said invoice price and fixed charges; and that the contract should be terminated upon notice in writing by the principal, and upon its termination, or a breach thereof, it was the duty of the agent to recrate, reship, and deliver to said principal at Indianapolis, Ind., all goods remaining on hand at the time.

In Wilson-Moline Buggy Co. v. Priebe, 123 Mo. App. 530, 100 S. W. 561, the court say:

"The elements of the contract, which together indelibly stamp the transactions with the characteristics of a bailment for sale, thus may be summarized: (1) The reservation by plaintiff of the title to the property. (2) The absence of any mutual intention that defendant should become the owner of the property at any time or in any event. (3) The obligation of defendant not to pay for the goods as upon a purchase made by him, but only to pay for goods disposed of by him in the course of the relation. (4) The implied obligation of defendant to restore to plaintiff the goods remaining in his hands at the end of the relation. See authorities supra. The conclusion is irresistible that plaintiff, by means of its factors, had established and was conducting in St. Joseph a fixed and stable business for the sale of its wares, and thereby had become a resident foreign corporation."

And in Elliott v. Parlin & Orendorff Co., 71 Kan. 665, 81 Pac. 500, the following language is used:

"Can it be said as a proposition of law that goods shipped on a written contract, parts of which are above quoted, are delivered to the carrier in Kansas City, Mo., as the property of the dealer; * * * or can it be said as a proposition of law that the employer in sending men over the state of Kansas to make such contracts with implement dealers in the state, is not doing business in the state; * * * or can it be said that the sending of agents to the state of Kansas to settle accounts and to receive cash or promissory notes in settlement thereof is not doing business within the state? * * * We are obliged to answer all these questions in the negative."

To the same effect are: Thomas Mfg. Co. v. Knapp, 101 Minn. 432, 112 N. W. 991; Commonwealth v. Parlin & Orendorff, 118 Ky. 168, 80 S. W. 791; Milburn Wagon Co. v. Commonwealth, 139 Ky. 330, 104 S. W. 323; Milson Fertilizer Co. v. Kelly, 10 Pa. Super. Ct. 565; Neyens v. Worthington, 150 Mich. 580, 114 N. W. 404, 18 L. R. A. (N. S.) 142; Emert v. State ex rel., 156 U. S. 296, 15 Sup. Ct. 367, 39 L. Ed. 434.

The transaction involved in the instant case is not interstate commerce. In Duluth Music Co. v. Clancy, 139 Wis. 189, 120 N. W. 854, 131 Am. St. Rep. 1051, the following language is used:

"Where goods are shipped by a resident of another state to his commission agent in this state, not in response to an order from a purchaser, but to be held by such agent as the whole or part of his stock of commission goods in this state, and thereafter to be sold and delivered from said stock in this state by this commission agent, this last sale and delivery is not a transaction of interstate commerce."

To the same effect is Western Paper Bag Co. v. Johnson (Tex. Civ. App.) 38 S. W. 364.

There was no conflict in the evidence, and it is clear that the plaintiff was doing business in this state, and had not complied with the laws relative to foreign corporations, and the judgment of the trial court was therefore erroneous.

The cause should be reversed and remanded, with directions to the trial court to dismiss same.

By the Court: It is so ordered.