REEVES & CO. v. BRENNAN.

No. 327. Opinion Filed January 11. 1910.

(106 Pac. 959.)

1.     **APPEAL AND ERROR—Failure to File Brief—Reversal.** Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief in compliance with the rules of the court, and defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained; and, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

2.     **APPEAL AND ERROR—Review—Trial by Court—Insufficiency of Evidence.** A judgment rendered by the court without the intervention of a jury, where there is no evidence reasonably tending to support same upon any theory suggested by the pleadings or the record. will be reversed.

(Syllabus by the Court.)

*Error from Garfield County Court; James B. Cullison, Judge.*

Action between Reeves & Co. and William Brennan. From the judgment, Reeves & Co. bring error. Reversed and remanded.

*F. L. Boynton* and *Beauchamp & Denton,* for plaintiff in error.

*Manatt & Sturgis,* for defendant in error.

HAYES, J. This proceeding in error is from a judgment of the county court of Garfield county. Plaintiff in error, within due time, has completed his record, and filed it with his petition in error, and has served and filed a brief in compliance with the rules of this court. The trial in the court below was to the court without a jury, and the sole question presented by the errors urged in plaintiff in error's brief is that there is no evidence reasonably tending to support the judgment. Defendant in error has failed to file a brief, and under the rule announced in *Buckner v. Oklahoma National Bank et al.,* 106 Pac. 959, *Ellis et al. v. Outler et al.,* 106 Pac. 957, and *Butler et al. v. McSpadden,* 107 Pac. 170 (recently decided by this court and all reported in this volume), we would be authorized to reverse this case without searching the record to ascertain whether or not there is any theory upon which the judgment could be sustained. In those cases it was held that, where plaintiff in error has completed his record, and has served and filed his brief in conformity with the rules of this court, and the defendant in error has neither filed a brief nor offered an excuse for such failure, the court will not search the record to find some theory upon which the judgment below may be sustained; but, where the brief filed appears reasonably to sustain the assignments of error, the court will reverse the case in accordance with the prayer of the petition of plaintiff in error.

But we do not reverse this case upon that ground alone, for we have carefully examined and re-examined the evidence contained in the record, and are unable to find any possible theory

suggested thereby upon which the judgment of ·the trial court could be sustained. Defendant in error, who was plaintiff below, and who will hereafter be referred to as such, by his petition alleges as his cause of action that defendant is indebted to him in the sum of $99 for commissions on a sale of a certain threshing engine by plaintiff, as agent of defendant, to one M. M. Tingler; that said sum is past due and wholly unpaid. Defendant, by its answer, made general denial of the allegations of the petition, and averred somewhat at length the facts and circumstances surrounding the transaction by which the sale of the threshing engine was made by plaintiff, with the assistance of one of defendant's other agents. The evidence, in so far as it pertains to the issues involved, ·is without conflict. At the time the engine was sold, plaintiff was in the employ of defendant as its agent under a written contract, by the provisions of which it was agreed that plaintiff should receive, as his compensation for services rendered in selling machinery for defendant, a commission of 25 per cent. on all time sales of traction engines made by him. Said commissions were to be based upon the latest list prices of the defendant, and if plaintiff sold any machines or part thereof at less than the list price, the amount of the discount allowed by him was to be deducted from his commissions. The list price of the engine involved in this controversy was $2,255. Plaintiff received for same three notes of $500 cach, and one second-hand engine valued at $191.25, making a total of $1,691.25 received for the engine, if the old engine was worth the value placed upon it at the time of the sale. There is no evidence in the record tending to show that it was worth either more or less than said amount. Shortly after the sale of the engine, plaintiff, at the instance of the general agent of the company who assisted in making the sale, made a report thereof to the company on one ·of its "agent's blanks." One of the matters set forth therein was that plaintiff was to have, as commission on said sale, all realized from the sale of the old engine over and above investment, freight, rebuilding, and selling cost of same, but not to exceed $100. The company expended in freight and

repairing the old engine $205.08, and sold the same for $450. There was some contention before the trial court as to whether the provision in the agent's report, to the effect that plaintiff's commission should be all realized from the sale of the old engine, not to exceed $100 over and above investment and freight and cost of repairing same, constituted a special contract applying to this one sale. It is unnecessary for us to decide this contention. Whether it did or did not, plaintiff could not recover; for, if he relies upon the general contract, the amount of the discount allowed by him to the purchaser exceeds the amount of the commission allowed to him by his contract. If, on the other hand, the provision of his agent's report is to govern as a special contract, then he cannot recover; for, under the uncontradicted evidence, defendant failed in the sum of $3.20 to realize from the sale of the old engine the amount invested therein, including expenses of repairs, rebuilding, and selling same.

There being no evidence reasonably tending to support the judgment of the trial court on any theory suggested by the pleadings or the record, the judgment of the trial court is reversed, and the cause remanded.

Kane, C. J., and Dunn, and Turner, JJ., concur; Williams, J., concurs in conclusion.