## FLANAGAN *et al.* v. DAVIS *et al.*

No. 658.    Opinion filed November 16, 1910.

**APPEAL AND ERROR—Failure to File Briefs—Reversal.** Where counsel for plaintiff in error, in conformity with the rules of this court, has prepared, served, and filed a brief, in which, with other contentions, it is insisted that. the judgment and verdict appealed from are not reasonably supported by the evidence, and there is no brief filed, and no reason given for its absence, on the part of the defendant in error, this court is not required to search the record to find some theory upon which the judgment below may be sustained, but, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; J. G. Lowe, Judge.*

Action by E. G. Flanagan and J. B. Rowlett against Jennie Davis and William Davis. From a judgment for defendants, plaintiffs bring error. Reversed and remanded.

*Fred S. Caldwell,* for plaintiffs in error.

DUNN, C. J.    This case presents error from the district court of Oklahoma county.    September 10, 1904, E. G. Flanagan, as plaintiff, filed his petition in the district court of that county praying judgment against the defendants in error, Jennie Davis and William Davis, in the sum of $49.50, with interest thereon, as a balance due on account of labor performed; also praying foreclosure of a mechanic's lien upon certain real estate in said county. To this action J. B. Rowlett, who appears here as plaintiff in error, was also made a party. defendant, for the reason that he likewise was claiming a mechanic's lien on the same real property. October 3, 1904, the said Rowlett filed an answer and cross-petition in which he prayed judgment against his co-defendants in the sum of $59.85, and a foreclosure of the said mechanic's lien. October 13, 1904, the defendant, Jennie Davis and William Davis, filed their answer to the pleadings filed by the other parties. Gen-

eral denials were filed for replies on the part of Flanagan and
Rowlett, and, on the issues thus framed, the case came on for trial
before a jury January 15, 1908, and resulted in a verdict for the
defendants, Jennie Davis and William Davis. In due time the said
Flanagan and Rowlett filed their motion for new trial on the
ground of misconduct on the part of the prevailing parties and
that the verdict was not sustained by sufficient evidence, was con-
trary to law, and on the ground of newly discovered evidence.
This motion was by the court denied. Whereupon the said Flana-
gan and Rowlett brought the case to this court for review on peti-
tion in error and case-made.

Counsel for defendants in error have filed no brief nor offered
any excuse for their failure to do so. Rule 7 of this court (20
Okla. viii, 95 Pac. vi) provides for the filing of briefs by counsel
for parties interested in actions pending here on appeal, and pro-
vides, "in case of failure to comply with the requirements of this
rule, the court may continue or dismiss the cause, or reverse or
affirm the judgment." We have read the brief filed by counsel for
plaintiff in error and from a consideration thereof it appears to us
that the propositions relied on are well taken. In the absence of
a brief on the part of counsel for defendant in error we are not
given that assistance which we should have in determining the
theory upon which the court denied plaintiff's motion and ren-
dered judgment, and the pressure upon the time of this court is
such that it cannot, in justice to other litigants, brief cases for
parties who elect to neglect it. The leading case in this court on
this proposition is *Butler et al. v. McSpadden,* 25 Okla. 465, 107
Pac. 170. This case has been followed in a large number of cases,
among which we note the following: *Buckner v. Okla. Nat. Bank,
of Shawnee, et al.,* 25 Okla. 472, 106 Pac. 959; *Reeves & Co. v.
Brennan,* 25 Okla. 514, 106 Pac. 959; *Butler v. Stinson,* 26 Okla.
216, 108 Pac. 1103; *Ellis et al. v. Outler et al.,* 25 Okla. 469,
106 Pac. 957.

Notwithstanding this rule, however, we have read the record
along with the affidavits in support of the motion for new trial

and, from a consideration of the entire case, conclude that a new trial should have been awarded by the trial court.

The judgment of the trial court is, accordingly, reversed, and plaintiffs in error are granted a new trial.

HAYES,, KANE, and TURNER, JJ., concur; WILLIAMS, J., not participating.