JOHN B. TURNER, Chief Justice.
JESSE J. DUNN,
SAMUEL W. HAYES,
MATTHEW J. KANE,       Justices.
R. L. WILLIAMS,

---

BEAVER *et ux.* v. OKLAHOMA STATE LOAN CO. *et al.*

No. 1287.   Opinion Filed January 9, 1912.

(120 Pac. 943.)

**APPEAL AND ERROR** — Review — Failure to File Brief — Reversal.
Where plaintiff in error has completed his record and filed it
in this court, and has served and filed a brief, in compliance
with the rules of this court, and defendant in error has neither
filed a brief nor offered any excuse for such failure, the court
is not required to search the record to find some theory upon
which the judgment may be sustained; and, where the brief
filed appears reasonably to sustain the assignments of error,
the court may reverse the judgment in accordance with the
prayer of the plaintiff in error, or the rights of the parties.

(Syllabus by Sharp, C.)

*Error from District Court, Oklahoma County; Geo. W. Clark,*
*Judge.*

Action by Lawson W. Beaver and wife against the Oklahoma State Loan Company and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

*H. R. Winn*, for plaintiffs in error.

Opinion by SHARP, C. This action was instituted in the district court of Oklahoma county, January 14, 1908, by plaintiffs in error, against defendant in error, the Oklahoma State Loan Company, and sought the cancellation of a certain note and mortgage theretofore given by plaintiffs to said defendant, and for damages, as provided by section 911, Wilson's Rev. & Ann. St. 1903. After the filing of various pleadings, plaintiffs, on March 29, 1909, filed an amended petition, in which they joined as defendants eight individuals, who, it was alleged, were officers of defendant company, and managed and conducted the business of the corporation during the years 1905 to 1908, inclusive. On May 12, 1909, defendant in error, the Oklahoma State. Loan Company, filed a demurrer. to plaintiffs' amended petition, in which it challenged the sufficiency of both the first and second causes of action therein set out, and, on the same day, defendant in error, Will G. Brown, and two of the other defendants in error, filed a like demurrer. On May 22, 1909, both demurrers were by the court sustained, to which action of the court plaintiffs excepted. Motion for new trial being filed and overruled, plaintiffs have prosecuted an appeal to this court, assigning numerous errors committed by the court below.

Upon the assignment of this case for oral argument, plaintiffs in error, by leave of court, dismissed as to all the defendants in error, except the Oklahoma State Loan Company and Will G. Brown, and counsel theretofore representing all the defendants in error withdrew from the case, having first notified the remaining defendants in error of their intention so to do.

The petition in error in this case was filed December 18, 1909, and counsel for plaintiffs in error, on March 22, 1910, filed their brief. Defendants in error have filed no brief, and have given no reason for their failure to do so. Under these circumstances, this court is not required to look to the record to ascer-

tain upon what possible theory the judgment of the trial court might be sustained, but will exercise the option given it, under rule 8 (20 Okla. viii, 95 Pac. vi). *Flanagan et al. v. Davis,* 27 Okla. 422, 112 Pac. 990, and Oklahoma cases cited; *Butler v. Stinson,* 26 Okla. 216, 108 Pac. 1103; *Ellis v. Outler,* 25 Okla. 469, 106 Pac. 957; *Buckner v. Oklahoma National Bank,* 25 Okla. 472, 106 Pac. 959; *Reeves v. Brennan,* 25 Okla. 544, 106 Pac. 959; *Butler v. McSpadden,* 25 Okla. 465, 107 Pac. 170.

We have read the brief filed by counsel for plaintiffs in error, and have also carefully read the entire record, and, from a consideration thereof, it appears to us that certain propositions relied on are well taken. In the absence of a brief on the part of defendants in error, we are without aid in determining the theory upon which the court sustained the demurrers to plaintiffs' amended petition, and thereafter dismissed said petition. The demurrer of defendant, the Oklahoma State Loan Company, to plaintiffs' amended petition was general; that is, there was a general demurrer to each of the two paragraphs of said petition. It is fundamental that a general demurrer addressed to the whole of a pleading should be overruled, if the pleading demurred to state facts entitling the party pleading to any of the relief claimed. *Hurst v. Sawyer,* 2 Okla. 470, 37 Pac. 817; *City of Guthrie v. Harvey Lumber Co.,* 5 Okla. 774, 50 Pac. 84; *Cockrell v. Schmitt,* 20 Okla. 207, 94 Pac. 521, 129 Am. St. Rep. 737; *Harrill v. Weer,* 26 Okla. 313, 109 Pac. 539.

We think the court did not err in sustaining the demurrer of Will G. Brown and the other defendants, and, while the allegations of the amended petition are not so skillfully drawn as good pleadings would require, as to defendant, the Oklahoma State Loan Company, as against a general demurrer, they entitled plaintiffs to at least a part of the relief sought, and it was error for the trial court to sustain said demurrer, and to dismiss the plaintiffs' petition as to said defendant.

We are not unmindful of the fact that such conclusion may apparently do an injustice to the trial court, but litigants having business before appellate courts should be represented by counsel, and comply with the rules of the court; and it is no reflec-

tion upon the ability of a trial judge that his judgments may occasionally be reversed under such circumtsances.

For the reasons stated, the judgment of the trial court should be reversed, and the cause remanded.

By the Court: It is so ordered.

All the Justices concur.