## GOODNER KRUMM CO. v. J. L. OWENS MFG. CO.

No. 5075.    Opinion Filed September 28, 1915.

(152 Pac. 86.)

1.  **CORPORATIONS—Foreign Corporations—Right to Sue—Compliance With Statute.**  No foreign corporation, except those created solely for religious and charitable purposes, transacting exclusive intrastate business within this state, which shall have failed to file in the office of the Secretary of State a certified copy of its charter or articles of incorporation, or shall have failed to appoint an agent who shall be a citizen of the state and reside at the state capital, upon whom service of process may be made in any action in which the corporation may be a party, in compliance with sections 1335 and 1336, Rev. Laws 1910, can maintain any suit or action, either legal or equitable, in any of the courts of this state, upon any demand, whether arising out of contract or tort.

2.  **SAME—State Control—Limitations.**  The only limitations upon this power of the state to exclude a foreign corporation from doing business within its limits, or having offices for that purpose, or to exact conditions for allowing the corporation to do business, or hire offices there, arise when the corporation is in the employ of the federal government, or where its business is strictly commerce, interstate or foreign.

3.  **APPEAL AND ERROR—Faiure to File Brief—Decision.**  Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief, in compliance with the rules of this court, and defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained; and, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the plaintiff in error or the rights of the parties.

(Syllabus by Robberts, C.)

*Error from District Court, Oklahoma County;*
*George W. Clark, Judge.*

Action by the J. L. Owens Manufacturing Company, a corporation, against Jack Spain, sheriff; the Goodner Krumm Company, a corporation, being later substituted

as defendant. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

*T. W. Jones, Jr.,* for plaintiff in error.

*Burwell, Crockett & Johnson,* for defendant in error.

·Opinion by ROBBERTS, C. This case comes here from the district court of Oklahoma county, and it is an action in replevin, brought by the defendant in error, to recover certain personal property held by the sheriff in said county under an execution issued upon a judgment in favor of plaintiff in error and against J. L. Owens & Co. The petition contains the usual allegations required in an action of this kind for the possession of personal property, with damages for wrongful detention in the sum of $200. No redelivery bond was given, and the plaintiff below, defendant in error, received and retained the property. In due course the plaintiff in error was substituted as defendant as the real party in interest.

After substitution the defendant answered by general denial, and, further, by specific denials: (a) That plaintiff is a corporation organized and existing under the laws of the State of Maine; and (b) by alleging that the plaintiff is a foreign corporation, not organized for religious or charitable purposes, and has not filed with the Secretary of State of Oklahoma a certified copy of its charter or articles of incorporation as required by law; that it has not appointed an agent, a citizen of the State of Oklahoma, residing at the state capital, upon whom service can be had; and further says that no copy of any such appointment or commission has been filed in the office of the Secretary of State of the State of Oklahoma, and plaintiff has in all respects failed to comply with chapter 10, art. 1, of the Session Laws of 1909 of the State of

Oklahoma, and for said reason has no legal capacity to maintain this suit and action. The prayer is for the return of the property and $250 damages. The answer was duly verified.

Upon these issues the case was tried to a jury, and verdict and judgment rendered for the plaintiff. Motion for new trial was made and overruled, exceptions saved, and defendant brings error.

The principal contention of plaintiff in error is that the defendant in error is a foreign corporation transacting business in this state, and had failed and neglected to comply with the laws of the state by filing a copy of its articles of incorporation and appointing an agent upon whom service could be had.

The provisions of the statute above referred to are found in sections 1335, 1336, 1337, and 1341, Rev. Laws 1910.

Section 1335 is as follows:

"No foreign corporation, except created solely for religious or charitable purposes, shall transact business within this state until it shall have filed in the office of the Secretary of State a certified copy of its charter or articles of incorporation, which shall be recorded in a book to be kept by the Secretary of State for that purpose, and shall have paid the fees required by law."

Section 1336 provides for appointment of agent.

Section 1337 provides for record of appointment.

Section 1341 provides as follows:

"No foreign corporation, as above defined, which shall fail to comply with this article, can maintain any suit or action, either legal or equitable, in any of the

courts of this state, upon any demand, whether arising out of contract or tort."

From the fact that defendant in error has failed to serve and file briefs in support of its defense we take it that it is admitted that it was "a foreign corporation doing business in this state," in the full sense contemplated in this statute, and therefore acting in violation of law. Nor is there any question of interstate commerce involved herein.

That brings us squarely to the question as to whether the statutes above referred to are valid and enforceable in this state; in other words, conceding that defendant in error had violated the letter and spirit of the statutes in this state in this particular, is it subject to the penalties provided therein? We think it is.

The right of a state to require a foreign corporation, as a condition precedent to doing business, to comply with its statutory regulations, and to prohibit in case of noncompliance the right to use the courts to enforce demands in contract or tort, is universally upheld, so far as we have been able to ascertain, and the only difference in opinion seems to be on the question of right to comply with the law after the commencement of the action and before judgment. The question of this right, however, does not arise in this case, for the reason that there has been no attempt to comply with the laws.

In *G. Heileman Brewing Co. v. Peimeisl*, 85 Minn. 121, 88 N. W. 441, it is said:

"A foreign corporation doing business in this state without first complying with the provision of Laws 1899, c. 68, cannot maintain an action in the courts of this state upon any contract or demand growing out of such unlawful business, nor will compliance by it with the stat-

ute after the making of any such contract, or after the commencement of an action thereon, remove the bar of the statute, which closes the doors of the courts of the state to foreign corporations doing business in the state in defiance of its laws." *Minneapolis R. Co. v. Beckwith,* 129 U. S. 26, 9 Sup. Ct. 207, 32 L. Ed. 585; *Fritts v. Palmer,* 132 U. S. 282, 10 Sup. Ct. 93, 33 L. Ed. 317.

In *Pembina Consolidated Silver Mining & Miller Co. v. Commonwealth of Pennsylvania,* 125 U. S. 181, 8 Sup. Ct. 737, 31 L. Ed. 650, the court upholds the right of the state to enact statutes regulating foreign corporations and to exclude them, and says:

"The only limitation upon this power of the state to exclude a foreign corporation from doing business within its limits, or having offices for that purpose, or to exact conditions for allowing the corporation to do business or hire offices there, arises when the corporation is in the employ of the federal government, or where its business is strictly commerce, interstate or foreign."

This rule is expressly laid down in *Bank v. Earle,* 13 Pet. 519, 10 L. Ed. 274, in which it is said in substance:

"The principle that the right of a foreign corporation to engage in business within a state other than that of its creation depends solely upon the will of such other state has been long settled, and many phases of its application have been illustrated by the decisions of this court."

The Supreme Court of the United States, in *Chattanooga Building Ass'n v. Denson,* 189 U. S. 408, 23 Sup. Ct. 630, 47 L. Ed. 870, in passing upon a statute of the State of Alabama very similar to ours, says:

"It is urged by petitioner that it thought it had complied with the law of Alabama, and it was not an intentional offender against it, and therefore should not be 'repelled from court.' But the latter consequence has been

decided to result from noncompliance with the statute, and we cannot grant an exemption from it. The statute makes no distinction between an inadvertent and a conscious violation of its provisions, and a familiar legal maxim precludes a defense based on that distinction. Nor can the payment of the license fee be urged as a justification for omitting to comply with the statute. Such payment was one condition to be performed by a foreign corporation. The designation of a known place of business and an authorized agent was another, and was of so much importance as to be enjoined by the Constitution of the state."

From the foregoing facts as conceded by defendant in error and the law as laid down in the above authorities, we are forced to the conclusion that this case should be reversed.

We also call attention to the fact that defendant in error has neglected to file briefs in support of its judgment herein. Nor is this the fault of counsel for defendant in error. The writer hereof is aware of the fact that counsel called the attention of defendant in error to the fact that briefs should be filed, but for some reason defendant in error refused, or at least neglected, to make provision for preparing and filing briefs.

This court has said in Beaver v. Oklahoma State Loan Co., 30 Okla. 585, 120 Pac. 943:

"Where plaintiff in error has completed his record and filed it in this court, and has served and filed a brief, in compliance with the rules of this court, and defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment may be sustained; and, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the plaintiff in error or the rights of the parties."

From the foregoing it is apparent that this case should be reversed and remanded, with instructions to the district court of Oklahoma county to set aside the judgment for plaintiff and render judgment for the defendant.

By the Court: It is so ordered.