### DEPENBRINK et al. v. MURPHY et al.

No. 4924.   Opinion Filed January 11, 1916.

(154 Pac. 529.)

1. **APPEAL AND ERROR—Failure to File Brief—Disposition of Cause.** By rule 7 (38 Okla. vi, 137 Pac. ix) this court, where the defendant in error in a civil cause fails to file a brief in support of the judgment attacked by the appeal, the court is given the discretion to either affirm or reverse the cause, and may reverse the judgment without examining the record.

2. **SAME—Reversal.** Where plaintiff in error has prepared, served, and filed a brief as required by the rules of this court, and there is no brief filed and no reasonable excuse given for its absence on the part of defendant in error, this court is not required to search the record to find some theory upon which the judgment below may be sustained, but, where the brief filed appears reasonably to sustain the asignments of error, the court may reverse the judgment in accordance with the prayer of the petition of plaintiff in error.

(Syllabus by Robberts, C.)

*Error from District Court, Caddo County;*
*J. T. Johnson, Judge.*

Action by William J. Murphy and another against James G. Depenbrink and another. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

*Parmenter & Lenertz,* for plaintiffs in error.

*H. W. Morgan* and *Simpson & Holding,* for defendants in error.

Opinion by ROBBERTS, C. This case comes from the district court of Caddo county, and is an action to cancel a deed to certain real estate in Anadarko, held in the name of defendant James G. Depenbrink, and to quiet title in the plaintiff William J. Murphy. The case was tried on the 27th day of September, 1912, and after motion for new trial was overruled, decree was entered for the plaintiff Murphy, canceling the deed, and quieting title in him, as prayed. Defendants Pepenbrink bring error, and make Alvina Bitsche a party defendant; H. W. Morgan, attorney of record for Mrs. Bitsche, accepted service of case-made on the 21st day of December, 1912, and Simpson & Holding, attorneys of record for Murphy, accepted service of case-made on the 3d day of January, 1913. All parties defendant in error waived service of summons in error, and entered voluntary appearance in this court in due time. The plaintiffs in error served their printed briefs on defendants in error on the 24th day of June, 1913, which briefs were filed in this court on the same day. The case was set for July 8, 1915, and submitted on the same day. The defendants in error were notified to file briefs prior to the 12th day of June, 1915. On the 14th day of June, 1915, the defendant in error Murphy filed the following motion, supported by affidavit attached:

"Comes now the above-named defendant in error William J. Murphy, and prays the court to be permitted to submit this cause, without brief, and prays the court to examine the record without the filing of a brief on behalf of the defendant in error, for the reasons set forth in the affidavit of defendant in error, said affidavit being

herein referred to and made a part of this motion, and attached hereto.

"As defendant in error in duty bound will ever pray."

"William J. Murphy, Defendant in Error."

"Comes now William J. Murphy, and, having first been duly sworn, upon his oath states that he is the above-named defendant in error; that he has received from the clerk of the above-entitled court notice, as per order of the court, to file brief on behalf of defendant in error. The affiant herein, William J. Murphy, and defendant in error in the above-entitled cause, further swears that by reason of his poverty he is unable to have a brief prepared in said cause, and is unable to have a brief printed, and is unable to have a brief typewritten, should he be allowed to do so by the court.

"WILLIAM J. MURPHY.

"Subscribed and sworn to before me this 12th day of June, 1915.

"[Seal] LESTER L. PRICE, *Notary Public.*

"My commission expires on the 8th day of Nov. 1917."

The record and case-made contains 440 pages, and the petition in error sets out 43 assignments of error, 34 of which are argued in the briefs by counsel, and some of them in several subdivisions. The defendant in error Murphy claims that he was not able to file briefs, either printed or typewritten, because of his poverty. He does not claim sickness or any other disability except poverty. We call especial attention to the fact that the briefs of plaintiffs in error have been on file in this court for more than two and one-half years. The attorneys for defendants in error are lawyers of well-known standing and ability in this state, and no doubt would have filed at least

typewritten briefs if they had been so requested. As above stated, defendant in error had more than two and one-half years to raise a few dollars to pay for the typewritten briefs, and no doubt this court would willingly have permitted such briefs on a proper showing. It is plain to be seen that the excuse offered is not sufficient. Defendant in error Murphy, in his motion, requests this court to go through this record of 440 pages, and examine and answer the 75 pages of argument of counsel for plaintiffs in error contained in their briefs, without even the assistance of typewritten suggestions. Rule 25 of this court (38 Okla. x, 137 Pac. xi) is as follows:

"The brief of the plaintiff in error in all cases shall contain an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts, and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court. If the defendant in error or appellee shall claim that such abstract is incomplete for the purpose stated, his brief shall contain a counter abstract correcting any such omissions or inaccuracies. Where a party complains on account of the admission or rejection of testimony, he shall set out in his brief the full substance of the testimony to the admission or rejection of which he objects, stating specifically his objection thereto. Also, where a party complains of instructions given or refused, he shall set out *in totidem verbis* in his brief separately the portion to which he objects or may save exceptions. A party need not include in his abstract all the evidence in support of a claim on his part that it does not show or tend to show a certain fact; but when such a question is presented, the adverse party shall print so much of the evidence as he claims to have that effect. The abstract shall state only the sub-

stance of those parts of the record the bearing of which upon the case can be clearly shown in this manner; such as are purely formal or otherwise immaterial shall be omitted altogether, but quotations must be made with verbal accuracy whenever the decision of any question in controversy may be affected thereby. The abstract shall refer to the pages of the record.

"The brief shall contain the specifications of errors complained of, separately set forth and numbered; the argument and authorities in support of each point relied on, in the same order, with strict observance of rule vii. The brief of the appellee or defendant in error shall also be printed when so required of the plaintiff in error, and contain, with pertinent reference to the pages of the abstract, any points challenging the right of plaintiff in error to be heard; a full statement of any additional facts shown by the abstract and deemed essential; citations of authorities and discussion of alleged errors, in the same order as in the brief of the plaintiff in error."

And rule 7 (38 Okla. vi, 137 Pac. ix) provides:

"In each civil cause filed in this court, counsel for plaintiff in error shall, unless otherwise ordered by the court, serve his brief on counsel for defendant in error at least forty (40) days before the case is set for submission. Counsel for plaintiff in error shall file with the clerk of this court fifteen (15) copies of such brief within the time above designated, and defendant in error shall, within thirty (30) days after the service of the brief of plaintiff in error upon him, file with the clerk of this court fifteen (15) copies of his answer brief and serve same upon plaintiff in error; and all reply briefs, except as otherwise ordered by the court, must be filed by the date the case is submitted or called for argument. Proof of service must be filed with the clerk within ten (10) days after service.

"In case of failure to comply with the requirements of this rule, the court may continue or dismiss the cause, or reverse or affirm the judgment, in its discretion."

In the case of *Taby v. McMurray,* 30 Okla. 602, 120 Pac. 664, this court, by Ames, C., lays down the following rule:

"When the defendant in error chooses not to aid this court with a brief, and the brief of the plaintiff in error appears reasonably to support the assignments of error, it is not the duty of this court to search the record with a view of ascertaining some possible theory on which the judgment may be affirmed."

And in *Beaver v. Oklahoma State Loan Co.,* 30 Okla. 585, 120 Pac. 943, the court, speaking through Sharp, C., says:

"The petition in error in this case was filed December 18, 1909, and counsel for plaintiffs in error, on March 22, 1910, filed their brief. Defendants in error have filed no brief, and have given no reason for their failure to do so. Under these circumstances, this court is not required to look to the record to ascertain upon what possible theory the judgment of the trial court might be sustained, but will exercise the option given it under rule 8 (20 Okla. viii, 95 Pac. vi.) *Flanagan et al. v. Davis,* 27 Okla. 422, 112 Pac. 990, and Oklahoma cases cited; *Butler v. Stinson,* 26 Okla. 216, 108 Pac. 1103; *Ellis v. Outler,* 25 Okla. 496, 106 Pac. 957; *Buckner v. Oklahoma National Bank,* 25 Okla. 472, 106 Pac. 959; *Reeves v. Brennan,* 25 Okla. 544, 106 Pac. 959; *Butler v. McSpadden,* 25 Okla. 465, 107 Pac. 170."

The excuse given by defendant in error without any showing of effort, or any other explanation, is not sufficient to require this court to perform the duties of counsel, and spend the time of the court in making diligent search of the record to ascertain upon what possible

theory.the judgment of the trial court might be sustained. We have read the brief of plaintiffs in error in connection with the record, and the argument of counsel appears to reasonably sustain sufficient of the assignments of error to require a reversal of the case. We, therefore, recommend that the judgment of the lower court be reversed, and the case remanded for new trial.

By the Court:   It is so ordered.