## ALEXANDER v. JOHNSON.

No. 7767—Opinion Filed Jan. 30, 1917.

(162 Pac. 948.)

### Appeal and Error—Briefs—Rules of Court— Reversal.

Where plaintiff in error has served and filed his brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record minutely to find some theory upon which the judgment of the trial court may be sustained, but may, where the brief appears reasonably to sustain the as-

signments of error, reverse the judgment in accordance with the prayer of the petition in error.

(Syllabus by Campbell, C.)

Error from County Court, Love County; J. H. Hayes, Judge.

Action by P. Z. Johnson against M. L. Alexander, with counterclaim by defendant. Judgment for plaintiff, and defendant brings error. Judgment reversed, and cause remanded for new trial.

Cruce & Potter, for plaintiff in error.

Opinion by CAMPBELL, C. This case was brought by P. Z. Johnson as plaintiff against M. L. Alexander as defendant, before a justice of the peace, where judgment by default was rendered against the defendant, who appealed from such judgment to the county court of Love county. A trial was had in the county court, and a verdict was returned by the jury in favor of the plaintiff. The plaintiff filed in said court a remittitur as to a portion of the recovery, and judgment was entered upon the verdict of the jury for the plaintiff for the residue, after the motion for a new trial had been denied. The defendant brings this appeal, and the record is before us for review by means of a case-made. The pleading on behalf of the plaintiff, upon which this case was tried in the court below, is very crude, but its sufficiency was not challenged there, neither is any complaint made on that account in this court.

The defendant in his answer set up a counterclaim in amount in excess of the demand of the plaintiff, and on the date the case came for trial, the court sustained a demurrer filed by the plaintiff to such counterclaim, and the case proceeded to trial upon the pleading of plaintiff and the answer of the defendant, and a verdict was returned for the plaintiff. We have examined the record in detail, and we cannot justify the ruling of the trial court in sustaining the demurrer of the plaintiff to the counterclaim of the defendant. As to this assignment of error, the brief of plaintiff in error seems reasonably to sustain the contention that error was committed by the trial court. It is true that the amount of the demand of defendant in his counterclaim exceeded the amount of the jurisdiction of the justice of the peace, but such fact would not deprive the defendant of the right to plead it successfully and secure the benefits of it to the extent of preventing any judgment being rendered against him. And it is also true that such counterclaim was not filed untile the case came into the county court, but

that fact alone would not justify the court in sustaining a demurrer to it. Such question could not be raised by a demurrer, and was not presented to the court below. The record fails to disclose the ground upon which such demurrer was sustained, and counsel for defendant in error has not seen proper to uphold the record in this particular by any argument or brief, and we are unable to find any theory upon which the action of the court could be predicated.

It has been many times held in this jurisdiction that, where the plaintiff in error has served and filed his brief in compliance with the rules of this court and defendant in error has neither filed a brief nor offered any excuse for such failure, this court will not search the record to find some theory upon which the judgment of the trial court may be sustained, but will, where the brief of plaintiff in error appears reasonably to sustain the assignments of error, reverse the judgment in accordance with the prayer of the petition. Under this rule, having determined that error apparently exists as pointed out herein, we deem it proper to reach the conclusion that the defendant in error, by his neglect to file a brief or excuse himself for such failure, has been convinced that the judgment is erroneous, and tacitly confesses the assignments of error alleged in the petition. The judgment of the trial court is accordingly reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.