## OLENTINE et al. v. BACKBONE et al.

No. 7054—Opinion Filed May 29, 1917.

Rehearing Denied July 10, 1917.

(166 Pac. 127.)

(Syllabus by the Court.)

**Appeal and Error — Review — Briefs — Reversal.**

Where the defendant in error has not filed briefs as required under rule 7 of this court nor offered excuse for such failure, and it appears from briefs properly filed by plaintiff in error the propositions relied upon for reversal are well taken, the judgment will be reversed and the cause remanded.

Error to District Court, Nowata County; T. L. Brown, Judge.

Action by Daniel Backbone, as guardian of Nelson Rowe and others, minors, against Charles Olentine and others. There was a judgment for plaintiff, and defendants bring error. Reversed and remanded.

J. H. Langley, F. R. Applegate, and W. S. Cochran, for plaintiffs in error.

Kenneth S. Murchison and J. C. Denton, for defendant in error.

OWEN, J. The assignments of error present the following questions:

(a) In what county did Lizzie Deerhead, the original allottee, die and what county court had jurisdiction to settle her estate and consequently jurisdiction to approve conveyances by her heirs in case they were duly enrolled as full-blood Indians?

(b) Was the approval of the deed involved herein validated by the approval of the county court of Nowata county?

(c) Were the heirs whose conveyances are in dispute actually enrolled as full-blood Indians?

(d) Does the running of the statute of limitations bar recovery for rents and profits taken from the land in question?

(e) Can an estoppel be invoked against full-blood Indian heirs, who have capacity to convey, if their deed is not approved by the county court which would have had authority to administer the estate of the deceased?

(f) Could the court make an order declaring an attorney's lien in favor of persons not parties of record?

Briefs for plaintiffs in error, together with proof of service, were filed in this court on February 16, 1916. Defendant in error has failed to file briefs or offer excuse for not doing so. From the briefs filed by plaintiffs in error the propositions relied upon for a reversal of the judgment appear to be well taken. The volume of undisposed of business in this court is such that it cannot, in justice to other litigants, search the record to ascertain the theory on which the judgment was rendered in cases not briefed by counsel, as the rules of this court require. Flanagan v. Davis, 27 Okla. 422, 112 Pac. 990; Beaver v. Loan Company, 30 Okla. 585, 120 Pac. 943.

The judgment of the lower court is therefore reversed, and the cause remanded for a new trial.

All the Justices concur.