### BOURKE v. MEACHAM et al.

No. 9357—Opinion Filed June 24, 1919.

(Syllabus by the Court.)

**Appeal and Error—Failure to File Briefs—Reversal.**

Where the defendant in error has not filed briefs as required under rule 7 of this court, or offered excuse for such failure, and it appears from briefs properly filed by plaintiff in error that the propositions relied upon for reversal are well taken, the judgment will be reversed, and the cause remanded.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by A. R. Meacham and another against W. Bourke and M. C. Binion, Sheriff of Oklahoma County, in which the O. K. Transfer & Storage Company became a party. Judgment for the O. K. Transfer & Storage Company and M. C. Binion, Sheriff, and defendant Bourke brings error. Reversed, and remanded for new trial.

W. J. Davidson, for plaintiff in error.

JOHNSON, J. In the court below, the district court of Oklahoma county, the defendants in error A. R. Meacham and A. A. Meacham, as plaintiffs, filed their action against the plaintiff in error, W. Bourke, and the defendant in error M. C. Binion, as sheriff of Oklahoma county. The original petition was filed February 29, 1918, and later on in the progress of the cause in the court below, after plaintiffs filed an amended petition, the O. K. Transfer & Storage Company became a party to the action, and prior to the trial thereof in the court below filed its disclaimer, and on the rendition of the final judgment, on November 10, 1916, judgment was rendered for the O. K. Transfer & Storage Company and M. C. Binion, as sheriff, for costs, from which judgment the defendant W. Bourke appealed by petition in error; the other named parties being made defendants in error.

The assignments of error present the following questions:

(1) Error of the trial court in its third conclusion of law, that the judgment in case No. 12497 of the district court of Oklahoma county, W. Bourke, plaintiff, v. A. R. Meacham et al., defendants, upon which execution issued and was levied upon automobiles, was dormant, and that plaintiff in error had no right to the machines levied upon under the writ of execution issued out of said cause.

(2) Error of the trial court in its judgment against plaintiff in error for the costs of said action below and enjoining execution upon the said judgment in case No. 12497 of the district court.

Brief of plaintiff in error was regularly filed in this court September 17, 1918. Defendants in error failed to file briefs or offer any excuse for not doing so. From the brief filed by plaintiff in error, the propositions relied upon for reversal of the judgment appeared to be well taken. The volume of undisposed business in this court is such that it cannot in justice to other litigants searcn the records and ascertain the theory on which the judgment was rendered in cases not briefed by counsel as the rules of this court require. Olentine et al. v. Backbone et al., 64 Oklahoma, 166 Pac. 127; Flanagan v. Davis, 27 Okla. 423, 112 Pac. 990; Beaver v. Loan Co., 30 Okla. 585, 120 Pac. 943.

The judgment of the lower court is therefore reversed, and the cause remanded for a new trial.