## UNITED STATES FIDELITY & GUARANTY CO. v. WALKER.

No. 12435—Opinion Filed March 4, 1924.

Rehearing Denied June 10, 1924.

Second Rehearing Denied Nov. 7, 1924.

**Appeal and Error — Absence of Answer Brief—Reversal.**

Where plaintiff in error has completed its record and filed it in this court, and has served and filed its brief in compliance with the rules of the court, and the defendant in error has neither filed a brief nor offered any legal excuse for such failure, this court is not required to search the record to find some theory upon which the judgment below may be sustained; but where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the case in accordance with the prayer of the petition of the plaintiff in error.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; Frank Mathews, Assigned Judge.

Action by the United States Fidelity & Guaranty Company against William H. Walker, to recover on an indemnity contract for executing a bond. Judgment for defendant, and plaintiff appeals. Reversed.

C. A. Ambrister and Bower Broaddus, for plaintiff in error.

Franklin H. Griggs, for defendant in error.

Opinion by MAXEY, C. This case was filed in this court on July 6, 1921. Plaintiff in error has filed an elaborate brief and also argued the case orally before Division No. 1 of the Supreme Court Commission. Plaintiff's brief was filed on July 23, 1923. The defendant in error has not filed any brief, although he has obtained an extension of time twice, and the last extension is long since expired and no brief yet filed, and under the rules of this court where defendant in error fails to file a brief, and brief filed by plaintiff reasonably tends to support the assignments of error, it is not the duty of the Supreme Court to search the record with a view of ascertaining some possible theory on which the judgment might be affirmed, but the court will reverse the case and remand it for a new trial. Tabby v. McMurray, 30 Okla. 602, 120 Pac. 664; Austin v. Campbell, 54 Okla. 671, 154 Pac. 514; Supreme Forest Woodmen Circle v. Dugan, 57 Okla. 193, 156 Pac. 1194; Alex-

ander v. Johnson, 65 Okla. 57, 162 Pac. 948; Olentine v. Backbone, 64 Okla. 164, 166 Pac. 127; National Surety Company v. Jones, 68 Okla. 274, 170 Pac. 1146; Loveland v. Tant, 75 Okla. 12, 181 Pac. 302; Harrison v. Koehler, 82 Okla. 26, 198 Pac. 295.

The case on the above authorities is reversed and remanded to the trial court to set aside the judgment, heretofore rendered, and grant a new trial.

.By the Court: It is so ordered.