## BARHAM, Adm'r, et al. v. GILBERT, Rec., et al.

No. 26776. Dec. 8, 1936.

Rehearing Denied Feb. 9, 1937.

S. A. Horton, for plaintiffs in error.

A. K. Little, for defendants in error.

PER CURIAM. This action was commenced by John I. Gilbert, as receiver of Gum Brothers Company, a corporation, plaintiff, against the defendants and the Prudential Insurance Company of America. The latter company filed an answer and cross-petition setting up a mortgage securing promissory notes and asking for a foreclosure thereof, to which defendants Sydney E. Bell and Pauline B. Campbell and others filed their answer alleging a failure to comply with section 131, O. S. 1931.

The trial court sustained a demurrer to this answer, and thereafter entered judgment for the cross-petitioner, from which judgment the appeal is taken.

Section 131, O. S. 1931, is a part of the Act of March 22, 1909, being chapter 10, art. 1, S. L. 1909, page 147, and provides in effect that every foreign corporation; except those created solely for religious and charitable purposes, before it shall transact business within the state shall file a certified copy of its charter and proceed to appoint a service agent as set out in that act. The first part of the act is now contained in section 9738, O. S. 1931, and the latter part of the act appears as sections 130, 131, O. S. 1931. The penalty for the failure to comply with the act, which is section 2 of chapter 10, art. 1, S. L. 1909, provides as follows:

"If any such foreign corporation shall fail to comply with the provisions of this act, all its contracts with citizens of this state, entered into after the approval of this act, shall be void as to the corporation and no court of this state shall enforce the same in favor of the corporation."

This act has been construed fully in Goodner Krumm Co. v. Owen Mfg. Co., 51 Okla. 376, 152 P. 86, and Seidenbach's v. A. E. Little Co., 146 Okla. 247, 294 P. 126. It has been held an insurance company does not come within the terms of this act. Carlin v. Prudential Ins. Co., 175 Okla. 398, 52 P. (2d) 721.

It is clear that the first sentence of this act, which has been transferred by the annotator of the statutes as above pointed out and appears as section 9738, supra, declared the class of corporations which must comply with the act. We fail to find where the answer of the defendant makes the necessary allegations under the terms of the act. This court will not presume that the law has been violated until it is so alleged. Defendant therefore fails to make the necessary allegations to show that the Prudential Insurance Company of America must proceed to comply with section 131, O. S. 1931.

It is true defendants allege a failure to comply with section 43, art. 9, of the Constitution, which provides that every corporation must file its articles of incorporation with the Corporation Commission, but, as pointed out in Cooper v. Ft. Smith & W. R. Co., 23 Okla. 139, 99 P. 785, and Joiner v. Ardmore Loan & Trust Co., 33 Ok'a. 266, 124 P. 1073, this provision of our Constitution carried no penalty to deny either the right to enforce the contract made by such a corporation or to use the courts of the state. Thereafter chapter 10, S. L. 1909, was passed, apparently for the purpose of affording the very relief those opinions pointed out could not be available under that constitutional provision. The purpose of that act and the penalty as therein provided has been fully construed in the above-cited cases.

Finding no error in the action of the trial court, the judgment is affirmed.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.