White Sewing Mach. Co. v. Peterson *et al.*

No. 102.   Opinion Filed March 9, 1909.

(100 Pac. 513.)

**CORPORATIONS—Action by Foreign Corporation—Petition.** A foreign corporation need not allege due compliance with the laws of Oklahoma as respects doing business in the state, and the petition if otherwise sufficient is not subject to demurrer.

(Syllabus by the Court.)

*Error from District Court, Washington County; T. L. Brown, Judge.*

Action by the White Sewing Machine Company against R. Peterson and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*John E. Palmer,* for plaintiff in error.

KANE, C. J. This was an action on an indemnity bond, brought by the plaintiff in error, plaintiff below, in the district court of Washington county, Okla. The petition alleged that the plaintiff was a corporation, organized under the laws of the state of Ohio, but did not allege due compliance with the laws of Indian Territory as respects foreign corporations doing business therein. The court below sustained a general demurrer to the first paragraph of the petition, and thereupon entered the following order, which states the grounds upon which the demurrer was sustained:

"It is the judgment of the court that, insomuch as said petition does not allege due compilance with the laws of Indian Territory as respects foreign corporations doing business therein, said demurrer be, and the same is hereby, sustained as to the first count as not stating facts sufficient to constitute a cause of action."

We do not believe this was a good ground for sustaining the demurrer. A foreign corporation need not allege the performance of statutory conditions precedent. 10 Cyc. 1351, 1352; *South Yuba Water, etc., Co. v. Rosa,* 80 Cal. 333, 22 Pac. 222; *Ontario State Bank v. Tibbits et al.,* 80 Cal. 68, 22 Pac. 66. It has been held by the Supreme Court of the territory of Oklahoma in a long line of cases that a foreign corporation need not allege due compliance with the laws of Oklahoma as respects doing business in the state, and the petition, if otherwise sufficient, is not subject to demurrer. *Keokuk Falls Improvement Co. et al. v. Kingsland, etc., Mfg. Co.,* 5 Okla. 32, 47 Pac. 484. The general rule seems to be that a petition in an action by a foreign corporation need not set forth that the corporation has complied with the domestic laws authorizing it to do business, and that

failure to do so is matter of defense, to be pleaded and proved by the defendant. *Nickles v. People's Building, Loan & Saving Association,* 93 Va. 380, 25 S. E. 8.

The judgment of the court below must be reversed and the cause remanded, with directions to take such further action as may be necessary not inconsistent with this opinion.

All the Justices concur.