## KIBBY v. CUBIE, HEIMANN & CO.

### No. 3178. Opinion Filed December 20, 1913.

#### (137 Pac. 352.)

1. **COMMERCE — Foreign Corporations — Right to Sue.** A foreign corporation, engaged in interstate commerce, is not barred by sections 1338 and 1341, Rev. Laws 1910, from maintaining an action on a contract of employment entered into with a citizen of the state of Oklahoma, although it has not filed a copy of its articles of incorporation, etc., with the Secretary of State of the state of Oklahoma, and has not appointed a service agent in the state.

2. **SAME.** Where a defendant in such action, after having answered to the merits, by permission of the court files a supplemental answer setting up these statutes in bar of the action, held that a demurrer to such supplemental answer was properly sustained.

(Syllabus by Galbraith, C.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by Cubie, Heimann & Co., a foreign corporation, against C. F. Kibby, for debt. Judgment for plaintiff, and defendant brings error. Affirmed.

*J. V. Cabell* and *Everest, Smith & Campbell,* for plaintiff in error.

*Embry & Hastings,* for defendant in error.

Opinion by GALBRAITH, C. Cubie, Heimann & Co., a New York corporation, engaged in the business of selling embroideries by samples, on orders taken by traveling salesmen, which orders were sent to the plaintiff's place of business in New York City, and if approved by them the goods were shipped from there to the purchasers in the various states. The action was based upon a written contract of employment entered into by Cubie, Heimann & Co. and C. F. Kibby, in the city of St. Louis, Mo., on the 17th day of April, 1909, whereby Kibby was employed as a traveling salesman for the company, for the sale of its merchandise in a designated territory, embracing the states of Missouri, Kansas, and Oklahoma, for a term of one year,

beginning on the 1st day of July, 1909, and ending on the 30th day of June, 1910. The contract provided that Kibby's compensation should be a specified percentage of the net amount of goods sold, and also that during the term of the contract he should have a drawing account of $250 per month, and in addition to this that he should be paid not to exceed $75 per week for traveling expenses when out on the road, and other minor expenses were provided for in the contract. The contract also stipulated that if the amount paid Kibby on his drawing account and traveling expenses should exceed the total sum of the commissions due him on the sale of goods, Kibby should repay such excess to the company at the termination or discontinuance of the contract. It was alleged in the petition that the sum of $4,233.30 had been advanced to Kibby during the term of his employment, and that the total amount of the commissions due him on sales as provided in the contract amounted to $1,140.62, leaving a balance due from Kibby of the sum of $3,092.68, and judgment was prayed for the last sum named. Kibby answered the petition by a general denial, and in the second count, in the nature of a cross-petition, alleged certain damages by reason of the fraud and deceit practiced upon him, being the inducing cause for his entering into the contract, and alleged damages in the sum of $3,800, and prayed for judgment for the difference between the damages alleged in his cross-petition and the amount claimed in plaintiff's petition. A reply was filed to the cross-petition by way of a general denial, and the trial commenced on the 12th day of April, 1911. On the following day, and before the trial had closed, Kibby asked and obtained permission of the court to file a supplemental answer which was in words and figures following:

"Comes now the defendant herein, C. F. Kibby, and for answer to the petition of plaintiff herein files this amendment to his original answer and counterclaim herein, leave of the court having been first had and obtained, and states that the plaintiff herein should not be allowed to maintain this cause against defendant, and that said case should be by said court dismissed for the reason that the petition shows upon its face that the plaintiff is a foreign corporation, and that the contract for the exploita-

tion and sale of plaintiff's goods in the state of Oklahoma, and that said petition does not allege nor aver that said corporation has complied with the laws of the state of Oklahoma with reference to foreign corporations as provided by Snyder's Statutes of Oklahoma, being sections 1541, 1542, and 1543. Further, that defendant avers and alleges that said corporation has not complied in manner or form with the sections of Snyder's Statutes of the Compiled Laws of the state of Oklahoma, as above set out."

Counsel for the company objected to the filing of this supplemental answer, and excepted to the ruling of the court permitting it to be filed, and after it was filed demurred to the same on the ground that it did not state facts sufficient to constitute a defense to the action or to bar the right of the plaintiff to maintain the action. This demurrer was sustained by the court, and exceptions taken by counsel for Kibby. At the close of the testimony counsel for Kibby obtained permission of the court to dismiss his cross-petition and claim for damages, leaving the cause standing upon the issues formed by the petition and general denial thereof. Then counsel for the company moved the court to instruct the jury to return a verdict for the plaintiff. The motion was granted, and the verdict rendered accordingly. After the overruling of the motion for a new trial presented by counsel for Kibby, judgment was entered on the verdict of the jury in favor of the company for $3,064.28. From this judgment Kibby appealed.

The one assignment of error argued challenges the ruling of the court in sustaining the demurrer to the supplemental answer as hereinbefore set out.

It is clear from the record that the ruling of the court in sustaining the demurrer to this supplemental answer was correct, and may be sustained on any one of a number of grounds.

First. The supplemental answer was not filed until after the defendant had answered to the merits, and thereby admitted the capacity of the plaintiff to maintain the action. As was said by Mr. Justice Hayes, in rendering the opinion of the court in *Jantzen v. Church,* 27 Okla. 473, at page 475, 112 Pac. 1127, at page 1128 (Ann. Cas. 1912C, 659):

"By pleading to the merits, and without raising the question of plaintiff's capacity, he admitted its capacity to maintain the action."

See, also, *White Sewing Machine Co. v. Peterson,* 23 Okla. 361, 100 Pac. 513; *Engle v. Legg,* 39 Okla. 475, 135 Pac. 1058.

Second. Even if this supplemental answer had been filed in proper time, it did not state facts sufficient to constitute a defense to the cause of action set out by the plaintiff, or to deny the right of the plaintiff to maintain the action. These sections are reproduced as sections 1338, 1339, and 1341, Rev. Laws 1910, and they did not become effective until June 10, 1909, and since the statutes were evidently not intended to be retroactive in effect, they could not possibly affect the rights of the parties accruing under a contract executed on the 17th day of April, 1909, prior to the taking effect of the statutes.

Third. Again, the facts set out in this supplemental answer are not sufficient to show that the plaintiff was within the terms of the statute, or that it was such a corporation as was intended by the statute to be denied the right to maintain an action in the courts in this state. *Freeman-Sipes Co. v. Corticelli Silk Co.,* 34 Okla. 229, 124 Pac. 972; *Chicago Crayon Co. v. Rogers et al.,* 30 Okla. 299, 119 Pac. 630.

Fourth. Again, this action was based upon a contract of employment entered into by a foreign corporation and its agent. In any event the making of this contract at St. Louis with one who was referred to as a citizen of "the city of St. Louis" could not be said to be doing business in the state of Oklahoma, within the contemplation of the statutes of Oklahoma denying a foreign corporation a right to sue in its courts who had not complied with the provisions of the statute requiring that a copy of its charter be filed with the Secretary of State of Oklahoma and a service agent be appointed in Oklahoma. It seems that the case of *Verdigris River Land Co. v. Stanfield et al.,* 25 Okla. 265, at page 271, 105 Pac. 337, at page 339, is a controlling decision on the question involved in this case. In that case an Indiana corporation entered into a contract with Stanfield, a citizen of the state of Oklahoma, for the purchase of lands in Ok-

lahoma, and his compensation, as provided by the terms of the contract, was to be oil and gas mining leases covering the lands purchased. The action in that case was based upon this written contract, and a similar defense to that attempted to be set up in this supplemental answer was made therein. Mr. Justice Kane, in the course of the opinion, said:

"The transaction thus necessary to inquire into in order to compel the agents of the corporation to account to them would be the contracts between the corporation and the citizens and residents of the Indian Territory that were made in relation to the lands and money in controversy. These transactions were not void except at the option of the citizens and residents of the Indian Territory with whom they were made, and, as far as the record shows in this case, they are not complaining. The defendants purchased certain lands from these citizens and residents of the Indian Territory with money belonging to the corporation, taking the deeds in the name of the defendant Stanfield, who thereafter conveyed an undivided one-half interest in them to Henry. The fiduciary relation of the defendants to the corporation is admitted; one Henry being the president, and Stanfield, an agent employed for the purpose of making the purchases. The contract of the corporation with its agent, Stanfield, which they claim to be void and under which they seek to avoid an accounting, is a contract of employment between Stanfield and the corporation, executed in the state of Indiana. We are of the opinion that the part of the provision pertaining to foreign corporations which provides that, unless they comply with the provisions of the law in relation to filing their certificates, etc., all their contracts with citizens and residents of the Indian Territory shall be void as to the corporation does not have reference to contracts entered into between the corporation and its fiduciary agents; the purpose of the statute obviously being to protect citizens of the territory in transacting business with foreign corporations, and not to offer opportunity to the fiduciary agents of foreign corporations to neglect to comply with the law, and then exploit the corporation. The corporation must act through its agents, and would be a helpless entity, indeed, if its chief executive officer could, by his neglect to comply with a provision of the law, enrich himself, and then find protection behind the statute."

Fifth. Again, the business in which Cubie, Heimann & Co. were engaged was interstate commerce. Of this there is no doubt.

*Freeman-Sipes Co. v. Corticelli Silk Co.,* 34 Okla. 229, 124 Pac. 972; *White Sewing Machine Co. v. Peterson,* 23 Okla. 361, 100 Pac. 513; *Chicago Crayon Co. v. Rogers,* 30 Okla. 299, 119 Pac. 630; *Harrell v. Peters Cartridge Co.,* 36 Okla. 684, 129 Pac. 872, 44 L. R. A. (N. S.) 1094; *Western Union Tel. Co. v. Kansas,* 216 U. S. 28, 30 Sup. Ct. 190, 54 L. Ed. 366; *International Text-Book Co. v. Pigg,* 217 U. S. 91, 30 Sup. Ct. 481, 54 L. Ed. 678, 24 L. R. A. (N. S.) 493, 18 Ann. Cas. 1103; *Lehigh Portland Cement Co. v. McLean,* 245 Ill. 236, 92 N. E. 248, 137 Am. St. Rep. 322.

The Legislature of Oklahoma was without power to deny a foreign corporation engaged in interstate commerce the right to maintain suits in the courts of this state. It cannot be contended that such was the purpose of the statutes under consideration, for the Legislature clearly recognized the limitation upon its power in this respect in section 1340, Rev. Laws 1910, as follows:

"This article shall not be effective in cases where its enforcement will conflict with the powers of Congress or the federal laws to regulate commerce between the states."

It appears from the record that Mr. Kibby sought the employment with Cubie, Heimann & Co. repeatedly before the contract in suit was entered into; that he entered into this contract voluntarily for the term of one year, and refused to avail himself of the opportunity given him to rescind the contract prior to that time. Then, when the result was not as he expected, or as satisfactory as he had contemplated, he cannot escape the burdens of the contract in the manner he has attempted to do, after having enjoyed its benefits. He can find no protection behind this statute, even if he had properly pleaded its provisions.

It follows that the assignment urged is not well taken, and that the judgment appealed from should be affirmed.

By the Court: It is so ordered.