**WEBER CHIMMEY CO. v. BLACKWELL HOSPITAL CO.**
and
**WEBER CHIMMEY CO. v. LOWERY et al.**

No. 14306—Opinion Filed June 30, 1925.

1. **Limitation of Actions—Damages for Wrongful Garnishment.**

An action for damages resulting from wrongful garnishment is based on a liability created by statute, and the three-year statute of limitation applies, as provided by the second paragraph, section 4657, Rev. Laws 1910.

2. **Corporations—Action by Foreign Corporations—Allegations as to Right to Do Business.**

The petition of a foreign corporation which does not allege due compliance with the laws of Oklahoma authorizing it to do business in the state, but is otherwise sufficient, is not subject to demurrer, nor to an objection to the introduction of evidence.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by Weber Chimmey Company against Blackwell Hospital Company and against A. Lowery et al. From the judgments, the former appeals. Reversed and remanded.

J. F. King, for plaintiff in error.

J. E. Curran and Bellatti & Brown, for defendants in error.

Opinion by JONES, C. This appeal involves two cases, the Weber Chimmey Company v. Blackwell Hospital Company, No. 7519, and the Weber Chimmey Company v. Lowery, Gearhart and Orvis, No. 7520, consolidated in this court as case No. 14306, brought to recover damages for wrongful garnishment.

Plaintiff alleges in its petition that it was entitled to recover the legal rate of interest on the money garnisheed for the length of time it was deprived of the use of same, and for reasonable attorney's fee. Upon the trial of the first cause above mentioned, the defendant interposed an objection to the introduction of evidence on the part of plaintiff, which objection was sustained by the court, and from which order and judgment of the court, the appellant prosecutes this appeal. The objection made to the introduction of evidence raises two questions: First, that the cause of action sued upon was barred by the two-year statute of limitations, as prescribed by section 4657, Rev. Laws 1910, third paragraph thereof; and second, that the petition failed to allege that the plaintiff, a foreign corporation, had complied with the laws of the state of Oklahoma authorizing it to transact business in this state, and for the above said reasons contend that the plaintiff's petition failed to state a cause of action in favor of the plaintiff and against the defendant. The first contention, in our judgment, has been settled by this court adversely to the contention of the appellee and the holding of the trial court, in the case of Reliable Mutual Hail Insurance Co. v. Rogers, 61 Okla. 226, 160 Pac. 914, wherein the court held:

"This being an action for wrongful attachment and not for malicious prosecution, the statute of limitations would not run in any event for a period of three years", etc.

The court also decided in the Rogers Case the further question that an action for damages sustained by reason of a wrongful attachment, such as is here alleged, is authorized by our statute, and that the action may be brought against the plaintiff independent of the undertaking required by law. And the same rule is announced in the case of Overton v. Sigmon Furniture Mfg. Co., 50 Okla. 531, 151 Pac. 215.

Section 4823, Rev. Laws 1910, provides:

"The order of garnishment shall not be issued by the clerk until an undertaking

on the part of the plaintiff has been executed by one or more sufficient sureties, approved by the clerk and filed in his office, in a sum not less than double the amount of the plaintiff's claim, to the effect that the plaintiff shall pay to the defendant all damages which he may sustain by reason of such garnishment, together with a reasonable attorney's fee, if the order be wrongfully obtained, but no undertaking shall be required where the party or parties defendant are all nonresidents of the state or a foreign corporation."

The statute creates the liability and clearly authorizes the institution of such an action as is here involved, and the three-year statute of limitation, as provided for in section 4657, Rev. Laws 1910, the second paragraph thereof, is applicable, rather than the third paragraph as contended by appellee. The provision referred to is as follows:

"Second. Within three years: An action upon a contract express or implied, not in writing: an action upon a liability created by statute other than a forfeiture or penalty."

This action is not one based upon a forfeiture or penalty, and we think, as is shown by the provision of section 4823, supra, and the authorities heretofore cited, is one created by statute. We therefore hold that the three years' statute of limitation applies to this action rather than the two years' statute.

The second proposition urged is that of the failure of the plaintiff in the trial court, Weber Chimmey Company, to allege that it had complied with the state laws authorizing it to transact business in this state. This question has been decided in the case of White Sewing Machine Co. v. Peterson, 23 Okla. 361, 100 Pac. 513:

"A foreign corporation need not allege due compliance with the laws of Oklahoma as respects doing business in the state, and the petition, if otherwise sufficient, is not subject to demurrer"

—and a petition which is not subject to a demurrer is not subject to an objection to the introduction of evidence upon the ground of insufficiency.

And in the case of Verdigris River Land Co. v. Stanfield, 25 Okla. 265, 105 Pac. 337, the court, in dealing with a similar contention, said in the body of the opinion, page 269:

"The presumption of law being that a foreign corporation, suing outside the state of its creation, has complied with the domestic laws."

The question may be raised by answer, and the trial court in its discretion might control it on presentation of motion to make more definite and certain, but such defects are not subject to an objection to the introduction of evidence. We therefore recommend that the judgment of the trial court in each of these cases be reversed and said causes remanded for a new trial.

By the Court: It is so ordered.

Note.—See under (1) 37 C. J. p. 783, §123. (2) 14a C. J. p. 1358, §4069.