## SEIDENBACH'S v. A. E. LITTLE CO.

No. 19535.   Opinion Filed Sept. 9, 1930.

Rehearing Denied Dec. 23, 1930.

Samuel A. Boorstin and J. F. Conway, for plaintiff in error.

Hulette F. Aby, William F. Tucker, and William H. Martin, for defendant in error.

LEACH, C.  On July 31, 1925, A. E. Little Company, a corporation, commenced this action in the district court of Tulsa county against Seidenbach's, a corporation, to recover judgment in the sum of $2,876.65, alleged to be due on a statement of account submitted and furnished the plaintiff by defendant under date of February 15, 1923.

The defendant answered by general denial, and further alleged that the plaintiff was, at the time referred to in its petition, a foreign corporation, and had not complied with the provisions of statute respecting the filing in the office of the Secretary of State of Oklahoma a certified copy of its charter or articles of incorporation and paid the fees thereon, nor appointed a resident agent upon whom service of processes might be had; that the transactions upon which the plaintiff's cause of action arose were had within the state of Oklahoma while said corporation was doing business within the state without having complied with the state statutes relating to foreign corporations, and that such transactions, contract, and agreement made during periods referred to in plaintiff's petition were void and unenforceable.

It was stipulated between the parties at the trial of the cause that the plaintiff company was a corporation organized and existing under the laws of the state of Massachusetts; that on December 15, 1923, it filed a certified copy of its articles of incorporation in the office of the Secretary of State, and otherwise complied with the statutes of the state of Oklahoma and received its license to do business therein; that prior thereto, it had taken no steps toward domesticating; that the defendant Seidenbach's was a domestic corporation, and it was admitted that there was no issue or dispute between the parties as to the correctness of the account sued on and conceded by defendant that, if it were liable for any amount, which it denied, it was the amount sued for.

The undisputed evidence of the parties shows that the plaintiff corporation from about the 16th of March to October 16, 1922, operated a shoe department in the store of the defendant corporation in the city of Tulsa; that the plaintiff corporation owned the stock of shoes, also the shelving and fixtures used in the display and sale of the stock; that it employed a manager and clerks who were subject only to the general rules of the store as promulgated by the defendant. The

shoes were advertised for sale under the name of the defendant corporation, and, so far as the public and customers were informed, the stock of shoes was owned by the defendant corporation. A ticket was made on the sale of any of the stock and handed to Seidenbach's cashier, who collected the sale price from the customer. It was the agreement and custom for the defendant to pay over and account monthly to the plaintiff for the sale price of the shoes sold, less 10 per cent. of the amount of cash sales and 12 per cent. on credit sales, less such other sums as might be paid out by the defendant on orders from the manager of the shoe department, including the cost of shoe advertising. This manner of transacting business had been carried on by plaintiff with other individuals or corporations in the state for a number of years prior and subsequent to 1922. Upon trial of the cause, judgment was entered for the defendant, which judgment was later set aside on motion of the plaintiff, and it is from the order granting a new trial that the defendant brings this appeal, and as grounds for reversal contends that the trial court erred in granting a new trial on a pure, simple, and unmixed question of law, and that the original judgment for defendant was correct.

It is the contention of plaintiff below, defendant in error, that the evidence in the case raised a question of fact as to whether plaintiff was transacting business within this state at the time the cause of action arose, and for that reason the granting of a new trial should be sustained. There was no conflict or substantial difference in the testimony of the respective witnesses for the parties as to the manner in which the plaintiff corporation was selling and disposing of its merchandise within this state and of its dealings with the defendant corporation. The facts being undisputed and the testimony not being conflicting, the same raised only a question of law as to whether the plaintiff was transacting business within the state at the time the cause of action arose. The motion for a new trial sets forth only the usual statutory language, or grounds, for a new trial, and the order granting the same does not disclose upon what theory or ground it is sustained, but, in view of the record presented, we are of the opinion that a new trial was granted solely on unmixed questions of law.

"By the phrase 'transacting business' is meant the doing or performing of a series of acts which occupies the time, attention, and labor of men for the purpose of liveli-

hood, profit, or pleasure. * * *" Barnett v. Aetna Explosives Co., Inc., 96 Okla. 132, 220 Pac. 874; Fuller v. Allen, 46 Okla. 417, 148 Pac. 1008; Denison v. Phipps, 87 Okla. 299, 211 Pac. 83.

"Where a foreign corporation designates an agent in this state and furnishes such agent its goods to be stored, exhibited for sale, and sold in this state by such agent, and same are so sold, such transactions constitute 'doing business' in this state by said foreign corporation." Bailey v. Parry Mfg. Co., 59 Okla. 152, 158 Pac. 581.

Under the evidence as heretofore outlined, we think it clear that the plaintiff corporation was transacting business within this state at and during the time of its dealing with the defendant and out of which transactions the cause of action grew.

The defendant below relied upon, and pleaded, as a bar to the right of the plaintiff to recover, certain provisions of chapter 34, article 10, C. O. S. 1921, which relates to foreign corporations. Section 5432 thereof provides:

"No foreign corporation, except created solely for religious or charitable purposes, shall transact business within this state until it shall have filed in the office of the Secretary of State a certified copy of its charter or articles of incorporation, which shall be recorded in a book to be kept by the Secretary of State for that purpose, and shall have paid the fees required by laws."

Sections 5433, 5434, provide, in substance, that before any foreign corporation shall transact business in this state, it shall appoint a resident agent at the State Capitol upon whom service of processes may be made in any action in which the corporation shall be a party, and that a copy of the appointment and commission of such resident agent shall be filed and recorded in the office of the Secretary of State.

Section 5435 provides:

"If any such foreign corporation shall fail to comply with the foregoing provisions of this article, all its contracts with citizens of this state, entered into after the approval of this article, shall be void as to the corporation, and no court of this state shall enforce the same in favor of the corporation."

Section 5438 reads:

"No foreign corporation, as above defined, which shall fail to comply with this article, can maintain any suit or action, either legal or equitable, in any of the courts of this state, upon any demand, whether arising out of contract or tort."

The defendant below contends that the

provisions of section 5435, supra, when applied to the record and facts, constitute a bar to plaintiff's action.

In the case of Williams v. Casparis Bros., 113 Okla. 51, 238 Pac. 438, an account stated is defined in the following language:

"An account stated is an agreement expressed or implied between parties who have had previous transactions with each other fixing and determining the amount due from one to the other on account, and when such agreement is made, such account stated becomes a new obligation and takes the place of the one upon the prior account."

Such definition shows the same to be nothing more than a contract or agreement to pay. The account sued on in the present action was made several months prior to the time the plaintiff corporation complied with the laws of this state, at a time when such foreign corporation was doing business in the state. Section 5435, supra, specifically provides that contracts with citizens of this state by a foreign corporation, which has failed to comply with the statutes referred to, shall be void as to the corporation, and no court of this state shall enforce the same in favor of the corporation. The fact that the defendant corporation promised or agreed to pay the account prior to the time the plaintiff corporation had complied with the state law would not prevent it from pleading the provisions of statute as a defense in the action.

"The failure of a foreign corporation to comply with the laws of this state before doing business therein is defensive matter that should be pleaded in the answer as other defenses, and the filing of a demurrer or other plea does not preclude the setting up of such defense therein." Bailey v. Parry Mfg. Co., 59 Okla. 152, 158 Pac. 581.

The plaintiff corporation contends that, even if it be established that it was transacting business within the state of Oklahoma, without complying with the provisions of statute referred to, nevertheless, it is entitled to judgment as prayed for because its action is based on a stated account wherein defendant admits it is due the plaintiff a certain sum, and that it is immaterial whether the agreement or contract between the parties respecting the sale of merchandise and accounting therefor was or was not void. In support of such argument certain cases are cited from this and other jurisdictions which announce the rule that, while courts will not enforce illegal contracts, yet a party may recover money or funds belonging to him and held by another where it is not necessary to establish or show an illegal contract in proving the indebtedness. None of the cases cited and relied upon by defendant in error relate to a state of facts or statute such as those involved in the present case, and we do not consider them applicable or controlling.

Various decisions of the courts of other states construing statutes somewhat similar, if not identical, to those of our state here involved, are far from uniform in their application under the particular facts in each case. It is not the policy of the law to discourage foreign corporations from transacting business in this state, and ample provision is made for their doing so in a lawful manner. If they fail to comply therewith, we are not authorized to relieve them from the provisions of the statute by judicial construction.

This court has heretofore stated its view of the force and effect of the statute here involved, and, indirectly, if, not directly, held and committed itself to the rule that a foreign corporation doing business in this state, without first complying with the statutory requirements of law, cannot enforce a contract growing out of such business transaction as against a citizen who interposes the statute as a defense.

"No foreign corporation, except those created solely for religious and charitable purposes, transacting exclusive intrastate business within this state, which shall have failed to file in the office of the Secretary of State a certified copy of its charter or articles of incorporation, or shall have failed to appoint an agent who shall be a citizen of the state and reside at the State Capitol, upon whom service of process may be made in any action in which the corporation may be a party, in compliance with sections 1335 and 1336, Rev. Laws 1910, can maintain any suit or action, either legal or equitable, in any of the courts of this state, upon any demand whether arising out of contract or tort." Goodner Krumm Co. v. J. L. Owens Mfg. Co., 51 Okla. 376, 152 Pac. 86.

"Contracts made between foreign corporations and citizens of this state prior to a compliance with the requirements of the domestication statutes are void only at the option of the citizens of the state who were parties thereto, and when such a foreign corporation complies with the statutory requirements of chapter 34, art. 10, C. O. S. 1921, although after the making of the contract it may maintain an action on said contract subject to the defense given to the citizens of the state by section 5435, C. O. S. 1921," M. S. Cohn Gravel Co. v. Southern Surety Co., 129 Okla. 171, 264 Pac. 206.

The following language is quoted from the brief of the defendant in error:

"The plaintiff does not contend that its domestication on December 15, 1923, had any validating offect upon any contracts theretofore entered into between the plaintiff and the defendant."

The identical parties to the present action had other litigation growing out of their business relations, which was decided in this court in the case of Seidenbach's v. A. E. Little Co., 128 Okla. 65, 261 Pac. 175. In that case the defendant in error recovered judgment for possession of its store fixtures, also a certain sum for the rental value of the property involved. The judgment of the trial court, so far as it related to the possession of the property. was sustained,, but on the question of the rental value of the property, it was stated:

"In this case there was a recovery by the plaintiff, not only of the specific property, but a judgment for $510, the reasonable rental value thereof, under a stipulation in the cause that the rental value was $15 per month. The recovery of this amount must have been grounded, either upon an express contract of the parties, of which we perceive no evidence, or upon an .implied contract read into the conduct of the parties by operation of law. In either event, such contract must have been for plaintiff's benefit, and must have been before domestication, and therefore the contract, express or implied, comes directly under the denunciation of our statutes quoted above, and the same is void and cannot be supported, by reason of all of which it is held that the judgment below should be vacated as to the recovery of $510, and affirmed in all other respects. * * *"

"While trial courts are invested with a very large and extended discretion in the granting of new trials, and that orders of the trial court in granting such new trials should not be reversed by the Supreme Court unless it can be seen that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, without which error the ruling of the trial court granting the new trial would not have been made, and while every intendment is in favor of the order of the court, yet, where the question presented for a new trial was one purely of law, and this court is satisfied that an error of law has been made by the trial court, and that without such error of law, the trial court would not have granted a new trial, the order granting the new trial should be reversed." Weller v. Western State Bank of Waukomis, 18 Okla. 478, 90 Pac. 877.

From an examination and consideration of the record and authorities presented in this appeal, we are of the opinion that the trial court committed error upon a pure, simple, and unmixed question of law in the granting of a new trial, and that its ruling and judgment thereon should be reversed, and it is so ordered.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.