## STEELE et al. v. THE MACCABEES.

No. 25692. Dec. 10, 1935.

Rehearing Denied Jan. 14, 1936.

Stevens & Cline, for plaintiffs in error.

Black & Black, for defendant in error.

PER CURIAM. For sake of convenience we will refer to the parties as they appeared in the trial court.

This action was originally brought in the district court of Comanche county, Okla., for money judgment on note and foreclosure of mortgage. The defendants answered in said action, and on June 13, 1932, judgment was rendered in favor of the plaintiff. After six months had expired the plaintiff proceeded to sell the mortgaged property under said judgment. On February 20, 1933, the defendants filed objections to confirmation of sale, which objections were overruled and the sale was confirmed and deed ordered issued.

Thereafter, and on November 6, 1933, and more than a year after judgment was rendered in said cause, the defendants filed their petition to set aside and vacate the judgment, to which the plaintiff fi'ed its demurrer. Before a ruling was had upon the demurrer the defendants filed an amendment to their petition and plaintiff again filed demurrer to said petition and amendment to the petition. On April 28, 1934, the district judge made and entered an order sustaining the demurrer. From this ruling and order defendants bring error to this court.

The defendants contended in their petition to vacate the judgment that they were wholly misled by the false and fraudulent statement made in plaintiff's petition that the said plaintiff was authorized to do business in the state of Oklahoma; and alleged further therein that had they known such statement was false and untrue, the same would have been pleaded as a defense to said action and as a bar to the right of the plaintiff to relief in the courts of Oklahoma.

Several minor questions are urged by counsel for reversal, but the one proposition upon which this case hinges is whether or not a party can raise the question of noncompliance with the domestication statutes of this state where a foreign corporation is plaintiff, after judgment is rendered against him, the question not having been raised before or at the trial of the action. We believe that defense should be raised in the answer to the action.

1, 2. Section 9738, O. S. 1931, provides that no foreign corporation, except created so'ely for religious or charitable purposes, shall transact business within this state until it shall have filed in the office of the Secretary of State a certified copy of its articles of incorporation and shall have paid the fees required by law. Section 130, O. S. 1931, requires that a resident agent shall be appointed who resides at the State Capitol, upon whom service of process may be had in any action in which said corporation is a party. Section 132, O. S. 1931, provides that if any such foreign corporation fails to comp'y with the foregoing provisions, all its contracts with citizens of this state shall be void, **as to the corporation**, and no court of this state shall enforce the same in favor of the corporation. Section 135, O. S. 1931, provides as follows:

"No foreign corporation, as above defined, which shall fail to comply with this article, can maintain any suit or action, either legal or equitable, in any of the courts of this state, upon any demand, whether arising out of contract or tort."

Our attention has been called to the case of M. S. Cohn Gravel Co. v. Southern Surety Co., 129 Okla. 171, 264 P. 206, by both plaintiff and the defendants in support of their theory. Consideration of that case leads to the conclusion that it is not the policy of the statutes in question to prevent foreign corporations from doing business in this state, and that the statutes do not make the contracts absolutely void or a nullity; but are for the protection of private rights of parties interested, and such contracts are void only when declared so by the citizen with whom the contract is made.

We find this language in the case of

Kibby v. Cubie, Heimann & Co., 41 Okla. 116, 137 P. 352:

"First. The supplemental answer was not filed until after the defendant had answered to the merits and thereby admitted the capacity of the plaintiff to maintain the action. As was said by Mr. Justice Hayes, in rendering the opinion of the court in Jantzen v. Church, 27 Okla. 473, at page 475, 112 P. 1127, at page 1128 (Ann. Cas. 1912C, 659) 'By pleading to the merits, and without raising the question of plaintiff's capacity, he admitted its capacity to maintain the action.' "

We also find this language used in the case of Seidenbach's v. A. E. Little Co., 146 Okla. 247, 294 P. 126, at page 129:

" 'Contracts made between foreign corporations and citizens of this state prior to a compliance with the requirements of the domestication statutes are void only at the option of the citizens of the state who were parties thereto * * * although after the making of the contract, it may maintain an action on said contract, subject to the defense given to the citizens of the state by section 5435, C. O. S. 1921.' M. S. Cohn Gravel Co. v. Southern Surety Co., 129 Okla. 171, 264 P. 206."

See, also, Watson v. Empire Cream Separator Co., 66 Colo. 284, 180 P. 685: Utah Nursery Co. v. Marsh, 46 Colo 211, 103 P. 302; and in Bailey v. Parry Mfg. Co., 59 Okla. 152, 158 P. 581, in the second syllabus paragraph, the court holds:

"The failure of a foreign corporation to comply with the laws of this state before doing business therein is defensive matter that should be pleaded in the answer as other defenses."

3. The question of fraud as raised by the defendants can be very easily disposed of by consideration of the two following cases: In White Sewing Machine Co. v. Peterson, 23 Okla. 361, 100 P. 513, the syllabus reads:

"A foreign corporation need not allege due compliance with the laws of Oklahoma as respects doing business in the state, and the petition, if otherwise sufficient, is not subject to demurrer."

And in Weber Chimmey Co. v. Blackwell Hospital Co., 111 Okla. 62, 238 P. 186, we find this language:

"The petition of a foreign corporation, which does not allege due compliance with the laws of Oklahoma, authorizing it to do business in the state, but is otherwise sufficient, is not subject to demurrer, nor to an objection to the introduction of evidence."

From a consideration of these two cases, we believe it would be rather farfetched

for us to hold that the mere allegation that plaintiff had complied with the statutes of this state in its petition was a fraud upon the court or the defendants. The allegation was surplusage and the noncompliance was defensive matter to be pleaded and proved by the defendants.

We, therefore, recommend that the action of the trial court be affirmed.

The Supreme Court acknowledges the aid of Attorneys W. N. Palmer, E. H. Mattingly, and John R. Pierson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Palmer and approved by Mr. Mattingly and Mr. Pierson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.