ROGER GIVENS, INC., a Corporation, Plaintiff in Error,

v.

MUSTEX, INC., a Corporation, Defendant in Error.

No. 41115.

Supreme Court of Oklahoma.

Jan. 11, 1966.

McClelland, Collins, Sheehan, Bailey, Bailey & Short, by William F. Collins, Jr., Oklahoma City, for plaintiff in error.

Cox, Eagleton & Brockett, by B. J. Brockett, Oklahoma City, for defendant in error.

HALLEY, Chief Justice.

This action was brought by Defendant in Error, Mustex, Incorporated, a corpora-

tion, hereinafter referred to as plaintiff, against Roger Givens, Inc., a corporation, hereinafter referred to as defendant, to recover the balance due on an account. Plaintiff secured a jury verdict in the amount of $6,307.25. On motion for new trial plaintiff was awarded the additional sum of $500.00, attorney's fees. Defendant appeals.

Plaintiff is a Texas corporation with its factory and principal place of business located at Graham, Young County, Texas. It is engaged in the manufacture of shower stalls and wainscoting units designed for use in houses and buildings. The defendant is a builder and developer with its office and principal place of business located at 3522 Newcastle Road, Oklahoma City, Oklahoma. Plaintiff over a period of several months shipped the defendant direct from its factory in Texas, units which the defendant installed in houses it was building. Invoices for the units purchased by the defendant were mailed from the office of plaintiff in Texas to the office of the defendant in Oklahoma City. At the time of filing suit, plaintiff had shipped the defendant units having a total value of $6,307.25 and had mailed invoices to the defendant for this amount. The defendant does not dispute these facts. It admits that it owes the plaintiff the sum of $3,208.25, subject to certain contended offsets hereinafter discussed. The trial court directed a verdict in favor of the plaintiff for this amount. Defendant denies liability to the plaintiff for merchandise reflected in one invoice amounting to $3,095.00, contending it did not purchase this merchandise. Other facts will be discussed as this opinion progresses.

The principal contention for which the defendant seeks reversal is that plaintiff lacked capacity to prosecute this action. The question was not presented by the defendant in its pleadings. Defendant did not raise the question at the opening of the trial. During the trial the defendant by trial amendment sought affirmative relief. The question of lack of capacity was not raised until the defendant moved for dismissal at the conclusion of the trial. The right to contest the lack of capacity was therefore waived by the defendant. By pleading to the merits and proceeding to trial without raising the question the defendant admitted the capacity of the plaintiff to maintain the action. Steele v. The Maccabees, 175 Okl. 471, 53 P.2d 232; Kibby v. Cubie, Heimann & Co., 41 Okl. 116, 137 P. 352; Jantzen v. Emanuel German Baptist Church, 27 Okl. 473, 112 P. 1127, Ann.Cas.1912C, 659. Similar cases to the same effect are: Maryland Casualty Company v. King, Okl., 381 P.2d 153; Finance Corporation v. Modern Materials Company, Okl., 312 P.2d 455; West Nichols Hills Water Co. v. American First Trust Co., 195 Okl. 428, 158 P.2d 691; Engle v. Legg, 39 Okl. 475, 135 P. 1058; White Sewing Machine Co. v. Peterson, 23 Okl. 361, 100 P. 513. Parties will not be permitted to proceed with the trial of cases on the merits, speculate on the outcome and upon securing an adverse decision then contend that the action was improperly brought.

Defendant next contends that the trial court erred in admitting in evidence the deposition of Charles Simpson. The evidence established that Simpson was not in Oklahoma County at the time of trial. Defendant argues that defendant made no effort to have the witness present at the trial.

Section 447, Title 12 O.S.1961, provides:

"When a deposition, or any part thereof, is offered to be read in evidence, it must appear to the satisfaction of the court that for some legal cause the attendance of the witness cannot be procured."

The above statute was construed by this Court in the case of Producers' & Refiners' Corporation v. Castile, 89 Okl. 261, 214 P. 121, wherein the Court said:

"It will be observed that section 5087 provides that it must appear to the satisfaction of the trial court that for some legal cause the attendance of the witness cannot be procured. Of course,

we must assume that the trial court was satisfied on that point, either from the evidence adverted to, or from some other source, and we are unable to perceive any good reason why this court should disturb his action in this matter, in the absence of any showing that he acted arbitrarily."

The trial court was satisfied with the showing made as a predicate for the admission of the deposition. There is no evidence that it acted arbitrarily. No error was committed in admitting the deposition in evidence.

Lastly defendant contends that the judgment is contrary to law under the disputed facts. Defendant first purchased wainscoting units from the defendant in February, 1962. In the beginning the units were shipped in truck-load lots on plaintiff's trucks from its factory in Graham, Texas direct to Regency Park, an addition being developed by the defendant at Moore, Oklahoma where they were installed in new houses being erected by the defendant. During the month of June, 1962 the delivery plans were changed and thereafter the units upon delivery were stored in a warehouse owned by the defendant and located at 3522 Newcastle Road, Oklahoma City, Oklahoma. The units were removed from the warehouse as needed by the defendant and installed in houses built by the defendant. Defendant was billed for the purchase price of the units upon their being removed from the warehouse. The evidence of the plaintiff is to the effect that this arrangement was made solely for the benefit of the defendant so that it would have the units available when needed and also to avoid higher shipping charges required if the units were shipped by private freight lines in less than truckload lots. Defendant through Roger Givens testified that the plaintiff leased the warehouse from the defendant at an agreed rental of $50.00, per month, and sold the units from the warehouse to defendant and other builders when needed. This arrangement was denied by the testimony of plaintiff's witnesses. De-

fendant at no time requested the plaintiff to pay the rentals regularly. The first time the defendant asserted a claim for rentals was by trial amendment during the trial.

Plaintiff sues the defendant for the purchase price of units reflected in nine invoices. Defendant admits that the units referred to in the invoices were shipped by the plaintiff and delivered to its warehouse in Oklahoma City. It admits that it owes the defendant for the units reflected in eight of the invoices subject to its contended claim for rent on the warehouse.

The defendant denies that it owes the defendant for the units reflected in one invoice. The amount of this invoice is $3,095.00. The merchandise included was 50 Fiberglass wainscoting units and 4 shower stalls. The order was signed by Orel Johnson, an employee of the defendant. The material was shipped by the plaintiff on September 28, 1962. It was delivered and stored in defendant's warehouse. The evidence of the plaintiff is to the effect that plaintiff was intending to discontinue the manufacture of the type of units the defendant had been purchasing and were anxious to dispose of the stock they had on hand; that they made a special deal to sell the defendant the 50 wainscoting units at a greatly reduced price. The defendant accepted the deal and the units were shipped. Some of the units were still in the warehouse at the time of trial. Defendant at no time requested the plaintiff to pick up the units. In February, 1963 the defendant installed some of the units in houses it was building.

There were two contested questions of fact submitted to the jury. They are: (1) Did defendant unconditionally purchase the units described in the disputed invoice at the time of the delivery of the units to its warehouse in Oklahoma City? (2) Did the plaintiff lease the warehouse owned by the defendant?

The jury decided these two questions on conflicting evidence in favor of the plaintiff. There is competent evidence sustaining the jury verdict.

The rule is well settled in Oklahoma that the verdict of a jury based on conflicting evidence will not be disturbed on appeal if there is any competent evidence reasonably tending to support the verdict. Wickham v. Belveal, Okl., 386 P.2d 315; Yellow Cab Company v. Allen, Okl., 377 P.2d 220; Metcalf v. Bingaman, Okl., 294 P.2d 569; W. E. Titus Radio Corp. v. Richards, 190 Okl. 125, 121 P.2d 579; Taylor v. Starr, 109 Okl. 135, 234 P. 756; Cherry v. Watson, 88 Okl. 54, 211 P. 79.

Judgment of the trial court is affirmed.