## M. S. COHN GRAVEL CO. v. TERRY.

No. 18213. Opinion Filed June 12, 1928.

Rehearing Denied Nov. 27, 1928.

Philos S. Jones and Monk & McSherry, for plaintiff in error.

Claud Briggs and Andrews & Aston, for defendant in error.

HEFNER, J. This action was commenced by E. L. Terry, defendant in error, as plaintiff, against the M. S. Cohn Gravel Company, plaintiff in error, as defendant, in the district court of Latimer county, to recover damages in the sum of $13,255.13, alleged to be due for breach of contract, less a conceded credit of $5,400.56. The defendant filed a general denial and a counterclaim wherein it asked judgment for $5,757.35, balance claimed to be due it. In the lower court the verdict was against the plaintiff and in favor of the defendant. The trial court withdrew from the jury the consideration of the counterclaim of the defendant because it was a foreign corporation and had failed to domesticate in accordance with the laws of Oklahoma. The defendant has appealed from so much of the judgment as denied it the right to recover the sum of $5,400.56, admitted indebtedness of the plaintiff. The plaintiff has filed a cross-petition, and appeals from the verdict of the jury and that part of the judgment rendered thereon denying him that relief claimed in his petition.

Inasmuch as the plaintiff has not briefed his cross-petition, the same is waived, and the judgment of the trial court as against him must be affirmed.

The only proposition involved in this appeal is whether a foreign corporation, after having fully and completely complied with the Oklahoma law as to domestication, and after having been sued by plaintiff on a contract made and entered into before domestication. has the right to defend, and to file and maintain an action in the nature of a counterclaim arising out of the same contract for unpaid material.

Since the briefs were filed in this case, the

judgment of this court in the case of M. S. Cohn Gravel Co. v. Southern Surety Co., 129 Okla. 171, 264 Pac. 206, has become final, and in that case the respective briefs therein were written by the same counsel who wrote the briefs in the instant case, and are substantially the same in each case. The contract is the same in each case. In that case this court ·in the first paragraph of the syllabus said:

"Contracts made between foreign corporations and citizens of this state prior to a compliance with the requirements of the domestication statutes are void only at the option of the citizens of the state who were parties thereto, and when such a foreign corporation complies with the statutory requirements of chapter 34, art. 10, C. O. S. 1921, although after the making of the contract, it may maintain an action on said contract subject to the defense given to the citizens of the state by section 5435, C. O. S. 1921."

That case is decisive of the question in the instant case, and upon the authority thereof, that part of the judgment rendered by the trial court which denied to the plaintiff in error a recovery on its cross-petition must be reversed and judgment entered thereon in the sum of $4 801.26, this being admitted credit due the plaintiff in error less the sum of $598.90 admitted damages to the defendant in error.

Judgment is here entered against the sureties on the supersedeas bond. That part of the judgment of the trial court denying the defendant in error any relief is hereby affirmed.

Affirmed in part and reversed and rendered in part.

MASON, V. C. J., and PHELPS, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 14a C. J. p. 1302, §4007; anno. 1 L. R. A. (N. S.) 1041; 12 R. C. L. p. 79; 4 R. C. L. Supp. 745.